Argued August 28, affirmed October 16, reconsideration denied November 16, 1978, Sup Ct rev denied February 21, 1979, 285 Or 319

STATE OF OREGON, *Respondent,*
*v.*
RICHARD CLAIR YOUKER, *Appellant.*
(No. DA 135290, CA 10806)
585 P2d 43

Deane Sterndale Bennett, Portland, argued the cause and filed the brief for appellant.

James C. Rhodes, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Defendant was charged with scalping two Portland Trailblazer playoff tickets outside the Portland Memorial Coliseum on May 13, 1977, in violation of Portland City Code Section 14.36.070.[1] He filed a demurrer to the complaint, alleging the Section was unconstitutional. The demurrer was overruled, and defendant was convicted. His sole assignment of error on this appeal is the overruling of his demurrer. We find no error, and affirm.

Defendant offers three different theories for the unconstitutionality of Section 14.36.070. First, he argues that the section violates the Equal Protection Clause of the Federal Constitition, Art XIV, U.S. Const., Sec. 1, in that it forbids scalping tickets to events held at municipally-owned facilities but does not similarly forbid scalping tickets at privately-owned facilities.

■ A statutory classification offends the Equal Protection Clause only if its disparity in treatment of separate classes has no rational basis. *Olsen v. State ex rel Johnson,* 276 Or 9, 17, 554 P2d 139 (1976); *Bock v. Bend School District No. 1,* 252 Or 53, 55, 448 P2d 521 (1968). The rational basis for Section 14.36.070 is expressed in the Section 1 of Ordinance No. 143584, the ordinance which enacted it:

"Section 1. The Council finds: (1) The taxpayers of the City of Portland have constructed or purchased and maintain various facilities for the exhibition of cultural and sporting events;

"(2) In the event that the demand for seating at any particular exhibition in such a facility exceeds the available supply, the resulting premium price that can be demanded for resale of tickets encourages persons to

---

[1] "Tickets to all events at municipally owned facilities shall have printed thereon the retail price thereof. It shall be unlawful for any person to sell or offer for sale any such ticket at a price greater than the retail price printed thereon, exclusive of fees or service charges for sale of tickets not exceeding fifty cents per ticket at regular ticket outlets."

purchase such tickets solely for the purpose of resale and not with the intent to use the facility;

"(3) Such purchasing with the intent of resale is detrimental to the citizens of Portland who have financed through taxation such facilities in that it deprives them of the opportunity to purchase tickets at the retail price;

"(4) The only effective means to discourage the purchasing of tickets with the intent of resale is to prohibit the resale of such tickets at a premium price;

"(5) The resale of such tickets at a premium should be prohibited; * * *."

■ Section 14.36.070 does not violate the Equal Protection Clause.

■ Defendant next claims that Section 14.36.070 violates due process of law, in that it deprives him of a valuable property right. We find no substance to this argument. The city was entitled to restrict the property right represented by the ticket to the license the ticket granted.

■ Finally, defendant maintains that Section 14.36.070 is an unwarranted and impermissible extension of the police power. We are satisfied that the purposes set forth in the enactment clause of Ordinance 143584, *supra,* adequately establish a basis for the City's decision to regulate in this area.

Affirmed.