Argued and submitted October 3, 1980, reversed and
remanded for trial, February 9, 1981

CITY OF PORTLAND,
*Appellant,*
*v.*
LEDWIDGE,
*Respondent.*

(No. DA 173880, CA 18013)

622 P2d 1150

James E. Mountain, Jr., Salem, argued the cause for
appellant. With him on the brief were James M. Brown,

Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Nick Chaivoe, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was charged with violation of a park curfew, Portland City Ordinance 2.12.210. Defendant moved to dismiss the complaint on the grounds that the complaint did not state a crime and that the ordinance was unconstitutional.[1] The trial court sustained defendant's motion on both grounds. The city appeals.

Portland City Ordinance 2.12.210 provides:

"It is unlawful for any person to be in a park any time between the hours of twelve-one a.m. and the following five a.m. This section shall not apply to the following, which are affirmative defenses:

"(1) Vehicular traffic crossing a park on a park road-way;

"(2) Pedestrians crossing the North or South Park Blocks, Lownsdale Square, Chapman Square, Pettygrove Park or Lovejoy Park;

"(3) Participants or spectators of athletic contests in park areas floodlighted for those contests;

"(4) Persons playing golf at a municipal golf course after dawn;

"(5) Persons attending a scheduled event in a park building designated as a community center;

"(6) Persons at scenic viewpoints in Mt. Tabor and Council Crest Parks, and along the Terwilliger Boulevard Parkway, where parking areas are provided;

"(7) Pedestrians crossing park area between the two paved portions of one street or boulevard."

The city contends that defendant's challenges to the ordinance were procedurally incorrect in several respects. The city, however, concedes that it did not raise these procedural issues at the trial level. Because we cannot say that any error committed was egregious, we will not consider the alleged procedural errors on appeal. *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* (1979).

■ The city further contends that the trial court erred in holding the complaint defective on the ground that it alleged defendant "remained" in a park at a prohibited hour whereas the ordinance made it

---

[1] Defendant did not challenge the city's power to enact park regulations.

unlawful "to be" in a park at a prohibited hour. Relying on ORS 133.007(3),[2] the city argues that this holding elevates semantics over substance and that the word "remain" conveys the same meaning as "to be in." We agree. Assuming, arguendo, that the complaint is defective as the trial court held, this alleged defect in pleading has not "prejudiced the defendant in respect to a substantial right." ORS 131.035.[3]

Defendant maintains that the trial court was correct in holding that the ordinance was unconstitutional. He offers three grounds for striking down the ordinance:

    (1)   it is a denial of equal protection;

    (2)   it is an unreasonable exercise of police power; and

    (3)   it is an overbroad exercise of police power.

■    In determining whether a statute violates the equal protection clause, we first ask whether the classification was based on a "suspect class" or whether the legislation impinged on a "fundamental interest." If either is found, the law will be subject to strict scrutiny. *Olsen v. State ex rel Johnson,* 276 Or 9, 17, 554 P2d 139 (1976). If neither is found, the statute will be struck down only if "its disparity in treatment of separate classes has no rational basis." *State v. Youker,* 36 Or App 609, 611, 585 P2d 43 (1978), *rev den* 285 Or 319 (1979).

■    In the present case, defendant argues that there is no rational basis for the difference in treatment between those who use Ira Keller Fountain (the park in which defendant was arrested) and those who use the parks specifically excepted from the proscriptions of the ordinance. Defendant has failed to identify either a suspect class or a fundamental interest affected by this ordinance.

"The ordinance may not be invalidated simply because the classifications made are imperfect; the City is not required to 'choose between attacking every aspect of a

---

[2] ORS 133.007(3) provides:

"(3) Words used in a statute to define an offense need not be strictly followed in the information or complaint, but other words conveying the same meaning may be used."

[3] ORS 131.035 provides:

"No departure from the form or mode prescribed by law, error or mistake in any criminal pleading, action or proceeding renders it invalid, unless it has prejudiced the defendant in respect to a substantial right."

problem or not attacking the problem at all,' *Dandridge v. Williams,* 397 US 471, 486 (1970). Those who attack the legislation have the burden of proving the unreasonableness of the classifications made therein." *Or. State Homebuilders v. City of Tigard,* 43 Or App 791, 798, 604 P2d 886 (1979), *rev den* 288 Or 527 (1980).

In the present case, defendant has failed to carry that burden of proof.

Defendant also contends that the ordinance is an unreasonable exercise of police power. Here, too, we are convinced that the law is reasonably related to the general purposes of the park ordinances.

Finally, defendant contends that the ordinance is unconstitutionally overbroad.[4] We disagree. The regulation is narrowly drawn and provides a number of exceptions, delimiting the various types of conduct that fall outside its proscription.

Reversed and remanded for trial.

---

[4] In support of his argument that the ordinance is unconstitutional, defendant cites cases in which curfew laws limited to minors were held invalid, *Alves v. Justice Court of Chico Judicial District,* 148 Cal App 2d 419, 306 P2d 601 (1957); *In re Mosier,* 59 Ohio Misc 83, 13 Ohio Op 3d 290, 394 NE2d 368 (1978); *City of Seattle v. Pullman,* 82 Wash 2d 794, 514 P2d 1059 (1973); and city vagrancy ordinances were held unconstitutional, *City of Portland v. James,* 251 Or 8, 444 P2d 554 (1968); *City of Seattle v. Drew,* 70 Wash 2d 405, 423 P2d 522 (1967). These cases, however, are inapposite to the case at bar in which the restriction is narrowly defined and is not selective or discriminatory.