Argued August 29, affirmed December 11, 1978

STATE OF OREGON, *Appellant,*

*v.*

FRANCIS WILLIAM JESSE PICARD, *Respondent.*

(No. DUC 75, (Citation No. 1517), CA 10804)

587 P2d 514

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Thomas E. Sweeney, Cannon Beach, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The state appeals from the granting of a motion to quash and the dismissal of a charge of driving while under the influence of intoxicants (DUII).

Defendant was charged with the traffic crime of DUII, a Class A misdemeanor, under ORS 484.365.[1] Defendant demurred to the complaint because it failed to state the prior offense. The demurrer was allowed with leave to refile the complaint. The new complaint was served on the defense attorney at the demurrer hearing; the defendant was not present. The defense moved to quash the second summons because of lack of personal service.[2] The motion was allowed. The court ordered defendant's driver's license and bail returned to him. The case was then dismissed.

The issue is whether the new complaint marked the initiation of a new action or whether it was a continuation of the first charge.

In allowing leave to refile, the court was acting pursuant to ORS 135.670(1) which provides in relevant part:

"(1) If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court,

---

[1] ORS 484.365 provides in relevant part:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"* * * * *

"(3) As used in this section, 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants."

"* * * * *."

[2] ORS 15.080(8) provides:

"The summons shall be served by delivering a copy thereof, with a copy of the complaint prepared and certified * * * by the county clerk, as follows:

"(8) * * * [T]o the defendant personally. * * *"

being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled."

■■ The words "resubmitted or refiled" as opposed to "amended" indicate that the action is to be begun anew. We note that the court could have chosen either on the state's or its own motion to amend the complaint under ORS chapter 484. The state did not move to amend. ORS 484.150 sets forth the requirements for traffic citations,[3] and ORS 484.150(9) provides:

"(9) Nothing in this section is intended to prohibit the court from amending the citation in its discretion."

The trial court did not act under this statute, but proceeded instead under the demurrer statute with its "resubmitted or refiled" language. Since this language calls for a new action, it follows that personal service is required.

Affirmed.

---

[3] The complaint is one of the four required parts of the traffic citation. ORS 484.150(2)(a).