Argued and submitted December 20, 1985, reversed in part, affirmed in part and remanded July 23, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## JACOB JAY JOHNSON,
*Appellant.*

(10-84-08499; CA A35804)

722 P2d 1266

Richard Smurthwaite, Eugene, argued the cause and filed the brief for appellant.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Warden, Judge.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for carrying a dangerous weapon, ORS 166.220, a Class C felony. His assignments of error center around the sufficiency of the indictment,[1] which in pertinent part, reads:

### "COUNT I

"The defendant on or about the 23rd day of October, 1984, in the county aforesaid, did unlawfully and knowingly attempt to use and with intent to use carry a three foot long wooden stick, a dangerous weapon; contrary to statute and against the peace and dignity of the State of Oregon;

### "COUNT II

"and as part of the same act and transaction as set forth in Count I herein, the defendant on or about the 23rd day of October, 1984, in the county aforesaid, did unlawfully and intentionally by word and conduct attempt to place Scott Bradley McKee, Mike Kelley, and Jesse Oliver in fear of imminent serious physical injury; contrary to statute and against the peace and dignity of the State of Oregon."

He unsuccessfully challenged the sufficiency of the indictment by a motion for judgment of acquittal at the conclusion of the state's case. The jury found him guilty.[2]

On appeal, defendant makes four assignments of error, the first of which he "abandons" without further explanation immediately after setting it out in his brief. His second and third assignments are, respectively, that the trial court erred in denying his motion for a judgment of acquittal and in instructing the jury on the charges because they did not state an offense.

■ We initially decide whether an indictment may be challenged for failure to state a crime by a motion for judgment of acquittal made in the middle of a trial. We think not. A motion for judgment of acquittal challenges the sufficiency of the evidence and, if granted, bars reprosecution for the

---

[1] Defendant's notice of appeal designates only a small portion of the trial transcript for inclusion in the record on appeal. Thus, the record contains little evidence about the underlying offense.

[2] The jury also found defendant guilty of menacing, ORS 163.190, a Class A misdemeanor, under Count II of the indictment. The trial court merged the convictions for sentencing.

same offense. ORS 136.445. In contrast, a *pretrial* ruling that an accusatory instrument is defective generally is not a bar to repleading. *See, e.g., State v. Cho,* 65 Or App 442, 671 P2d 1181 (1983), *rev'd on other grounds* 297 Or 195, 681 P2d 1152 (1984); *State v. Goakey,* 47 Or App 31, 613 P2d 1074 *rev den* 289 Or 677 (1980); *State v. Picard,* 37 Or App 483, 587 P2d 514 (1978); *see also State v. Love,* 38 Or App 459, 590 P2d 741, *rev den* 286 Or 303 (1979).[3]

■  Although the failure of an accusatory instrument to state facts sufficient to charge a crime may be raised at any time, *State v. Hunt,* 3 Or App 634, 475 P2d 596, *rev den* (1970), a defendant cannot bar reprosecution by waiting until the close of the state's case and raising that issue in the form of a motion for judgment of acquittal. On the other hand, a defendant cannot waive the right to object to the court's jurisdiction to convict him of a nonexistent crime by misnaming his motion. At oral argument, counsel for the state suggested that we treat defendant's motion as a demurrer, and we do so. *See* ORS 135.630(4); 135.640.

■  The central question in the case is whether the indictment for carrying a dangerous weapon had to allege that defendant attempted to use the weapon "against another." The statute, ORS 166.220, provides:

"Any person who attempts to use unlawfully against another, or who carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015, commits a Class C felony."

Defendant argues that because the indictment fails to allege that he attempted or intended to use the stick against another, it alleges no more than the possibility that he was carrying it for some innocuous purpose. He argues, further, that information provided to defendant after the filing of the indictment cannot cure the omission, relying on, *inter alia, State v. Sanders,* 280 Or 685, 690, 572 P2d 1307 (1977); *State v. Smith,* 182 Or 497, 188 P2d 998 (1948) and *State v. Green,* 44 Or App

---

[3] Technical defects can be corrected pursuant to Article VII (amended), section 5(6), of the Oregon Constitution: "The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form." More substantive defects require refiling or resubmission to the grand jury, which ORS 135.530 and 135.670 allow to be done with leave of court. *See State v. Martinez,* 73 Or App 302, 698 P2d 510 (1985).

253, 257, 605 P2d 746 (1980).

■    The state argues that, although it was required to *prove* that defendant had unlawfully attempted to use a dangerous weapon "against another," it was not required to set out that allegation in the indictment. The state directs us to several examples of elements required to be proved but not required to be set out in the indictment. In *State v. Cohen,* 289 Or 525, 614 P2d 1156 (1980), the requirement that an aggravated murder defendant "personally" cause the death of another did not invalidate the indictment which failed to allege that defendant "personally" caused the victim's death. *See also State v. Nussbaum,* 261 Or 87, 491 P2d 1013 (1971); *City of Portland v. Ledwidge,* 50 Or App 355, 622 P2d 1150 (1981); *State v. Hyde,* 28 Or App 809, 561 P2d 659, *rev den* 278 Or 621 (1977).

We agree with the state that indictments for some crimes need not allege every statutory element. *State v. Cohen, supra.* We also agree that an indictment need not employ the precise words of the statute. *State v. Reynolds,* 229 Or 167, 366 P2d 524 (1961). An indictment has only to meet the requirements of ORS 132.550:

> "The indictment shall contain substantially the following:
>
> "* * * * *
>
> "(7)   A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended * * *."

This indictment falls short of these requirements. Contrary to the state's assertion, the "person of common understanding" referred to in ORS 132.550(7) would not necessarily infer from the wording of this indictment or from its use of the word "weapon" that he was being prosecuted for attempting or intending to use a dangerous weapon against another. Under ORS 166.240 and 166.250, for example, a person can be prosecuted for carrying or possessing a dangerous weapon without any showing of an attempt or any intent to use the weapon against another person. Clearly, use against another person is not a necessary implication of the term "weapon."

The state also argues that, reading the indictment as a whole, *State v. Wilcox,* 216 Or 110, 116, 337 P2d 797 (1959),

one can tell from Count II that Count I is referring to use of the weapon "against another." Defendant does not argue to the contrary, but we hold that allegations contained in Count II may not be used to provide the specificity required of Count I. Each count must separately allege sufficient facts to charge a crime. *See* ORS 132.550(4); *see also* ORS 132.560(2). To require a defendant to search separately stated charges to determine the precise charge against him does not satisfy the requirement for a "statement of the acts constituting the offense in ordinary and concise language" that would "enable a person of common understanding to know what is intended." ORS 132.550(7).

ORS 132.550 allows the state flexibility in drafting indictments, but not so much flexibility that a defendant is forced to determine from other sources the precise charges. Defendant's second and third assignments are well taken.

Defendant's final assignment asserts error in the court's instructions to the jury. We need not reach it.

Reversed as to the charge brought under ORS 166.220; affirmed as to the charge brought under ORS 163.190; and remanded.