Argued and submitted April 27, reversed December 9, 1987, reconsideration denied February 12, petition for review allowed April 5, 1988 (305 Or 467)

STATE OF OREGON,
*Respondent,*

*v.*

RICK WOODLEY,
*Appellant.*

(86-173-CR; CA A41196)

746 P2d 227

Donald D. Diment, Jr., Eugene, argued the cause for appellant. With him on the brief was Andrew Clement, Eugene.

Charlene Woods, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals after his jury conviction for attempted sexual abuse in the second degree on an indictment charging him with sexual abuse in the second degree. ORS 163.415. We reverse.

Defendant was employed as a high school girls' basketball coach. While traveling by bus to a game, he allegedly touched a team member, according to the indictment, on "the thigh area and between her breasts." At the close of the state's case, he moved for a judgment of acquittal on the ground that the indictment failed to state a crime.

Whether a motion for judgment of acquittal is a permissible way to challenge the sufficiency of an indictment was recently discussed in *State v. Johnson,* 80 Or App 350, 722 P2d 1347 (1986). We pointed out that the motion is a challenge to the sufficiency of the evidence and, if allowed, would bar a later prosecution for the same offense, ORS 136.445, but a pretrial ruling that an indictment is defective can be remedied by repleading. The proper means to challenge an indictment is by demurrer. *See* ORS 135.630(4). However, "a defendant cannot waive the right to object to the court's jurisdiction to convict him of a non-existent crime by misnaming his motion." *State v. Johnson, supra,* 80 Or App at 353. Therefore, we will address defendant's first assignment of error as if he had demurred to the indictment.

The state argues that, even if the indictment is technically insufficient to charge sexual abuse in the second degree, reversal is not required, because there was sufficient evidence to convict defendant of the lesser included offense of attempted sexual abuse in the second degree. It relies on *State v. Goodwill,* 35 Or App 293, 581 P2d 113 (1978), *rev den* 285 Or 1 (1979). The defendant there sought reversal of a conviction for criminal trespass in the second degree. He had been indicted for burglary, but the indictment was insufficient under *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977), because it failed to specify what crime the defendant had intended to commit on the premises. The trial court overruled a demurrer, and the defendant was convicted of criminal trespass in the second degree, a lesser included offense of burglary. We held that it was error to overrule the demurrer. However, we reasoned that, because the defendant had been convicted of

the lesser included offense, instead of burglary, and because the indictment was sufficient to allege criminal trespass, the conviction should stand.

■ We now recognize that reasoning to be wholly fallacious. If the indictment was insufficient to charge the offense that it purported to state, then it was insufficient to support a trial, let alone a conviction for an offense supposedly included within a charge that was improperly alleged. We therefore overrule the portion of *State v. Goodwill, supra,* which holds that a conviction may stand even though the indictment fails lawfully to charge the offense intended to be charged, if the indictment is sufficient to charge some other offense.

■ The indicted charge here is sexual abuse in the second degree. If the indictment did not charge that offense, no trial could be had on it. Perforce, no conviction could be had under the indictment, not even for an attempt. On the other hand, if the indictment was sufficient to charge sexual abuse in the second degree, the attempt conviction must stand, even if we cannot, in this instance, distinguish between what would constitute an attempt and what would constitute a completed crime. We must now determine whether the indictment sufficiently alleges the crime of sexual abuse in the second degree.

Subjecting another person to nonconsensual sexual contact constitutes the crime of sexual abuse in the second degree. ORS 163.415. "Sexual contact" is defined as "any *touching of the sexual or other intimate parts of a person or* causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6). Some parts of the human body have been found to fall within the prohibition of the statute as a matter of law: (1) a female breast, *State v. Pagel,* 16 Or App 412, 518 P2d 1037, *rev den, cert den* 419 US 867 (1974); (2) undeveloped female breasts, *State v. Turner,* 33 Or App 157, 575 P2d 1007, *rev den* 282 Or 537 (1978); and the vagina. *State v. Fitch,* 47 Or App 205, 613 P2d 1108 (1980) *(semble).* In each of those cases, it seems fair to say, the part touched was clearly within the scope of the term "sexual * * * parts" in the statute. However, the indictment under review here does not allege contact with parts of the body that are so clearly "sexual." We read the state's brief to agree with

appellant that this case presents the question of the meaning of "other intimate parts."

In *State v. Pagel, supra,* the defendant urged that the phrase "sexual or other intimate parts" is unconstitutionally vague. We avoided the constitutional question by holding that the statute involved there (ORS 163.425, defining sexual abuse in the first degree) is applicable to more than reproductive organs but is "limited to those acts [*sic*] described by the commentaries to the New York Penal Law and to the Proposed Oregon Criminal Code * * *." 16 Or App at 416. However, it is very difficult to discern from reading *Pagel* just what limitation was found in those commentaries.[1] In *State v. Buller,* 31 Or App 889, 571 P2d 1263 (1977), the issue was whether an intentional touching of human buttocks through clothing could constitute a touching of "intimate parts." The opinion relied on the words of the Criminal Law Revision Commission (Proposed Oregon Criminal Code 122, Commentary §§ 115 and 116 (1970)):

> "The inclusion of the words 'or other intimate parts' does not limit the touching to genitalia but is intended to include genitalia, breasts and whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise. Thus the ultimate decision of 'intimate' parts is left to the community sense of decency, propriety and morality."

We held that the evidence in the case was sufficient to create a jury question as to whether the buttocks were "intimate parts" in the particular case. Apparently, no constitutional challenge was raised.

No constitutional challenge was preserved in the trial court in this appeal. Rather, appellant relies on our language in *State v. Turner, supra,* 33 Or App at 163:

> "This is the only sound approach. As a matter of law, a part of the body is either intimate or not, *i.e.,* is either within or without the scope of the statute. The situational aspect of

---

[1] *Pagel* refers to *State v. Sallinger,* 11 Or App 592, 504 P2d 1383 (1972), where the challenge was that the words "offensive physical contact" in ORS 166.065(1)(d) are unconstitutionally vague. The statute was saved by an examination of legislative history which "clearly establishes that the upper limit of 'offensive physical contact' is a contact that would constitute an assault as defined in the assault provisions of the * * * criminal code * * *." 11 Or App at 597. The opinion in *Pagel* does not adopt that analytical process.

the statute is found not in the 'intimate parts' clause, but in the subsequent clause which deals with the intent of the actor: 'for the purpose of arousing or gratifying the sexual desire of either party.' Thus, a touching of an intimate part is a crime only if a circumstance of the touching is a sexual purpose. If the touching is not for sexual purposes, the sexual part is no less sexual and the intimate part is no less intimate, but the touching is not criminal."

The trouble with that reliance is that, in *Turner,* we were not concerned with the question of whether the indictment adequately charged the crime of sexual abuse. We were attempting, by the quoted language, only to identify the question that had to be answered in analyzing the statute.[2]

The *Turner* analysis begins with the proposition that the word "sexual" is not the key term, but is instead only "an included illustrative term of the word 'intimate.'" 33 Or App at 160. Having focused on "intimate," we rejected, as a matter of policy, a rule that undeveloped human female breasts cannot be intimate parts as a matter of law. Therefore, the defendant's motion for judgment of acquittal was properly denied. What the defendant wanted specifically was an instruction that would tell the jury that body parts are intimate or not according to the circumstances of each case. We rejected that, too, because that interpretation would subject the statute to "colorable attack" on the ground of vagueness. 33 Or App at 162. We adopted what we referred to as "the only sound approach" by the language quoted above. We concluded that "breasts are no less protected by the statute because they are part of a child." 33 Or App at 164.

At that point, the *Turner* opinion takes a turn. Although it would have been sufficient to say that the parts of the human body involved in the charge were intimate as a matter of law, as the jury had been instructed, we went on to say that leaving the definition of intimate parts "to the community sense of decency, propriety and morality," as provided in the commentary to the Oregon Criminal Code and, apparently, sustained in *State v. Pagel, supra,* "would be unsound, unworkable, contrary to the statutory purpose, and perhaps

---

[2] *Turner* involves ORS 163.425, but the definition in ORS 163.305(6) applies under both statutes.

unconstitutional." 33 Or App at 164. That was said in meeting the challenge of the dissenter in *Turner,* who wrote:

"There is nothing vague about the term 'intimate.' Common, if not universal, use of the English language would indicate in this context that the term refers to any part of the body which a reasonable person could deem as private with respect to a sallacious [sic] touching by another. The suggestion that the statute is unconstitutionally vague is a fallacious pretense to justify a legislative rewriting of the statute by the court. To ask a jury to determine whether a reasonable person would consider a part of the body to be intimate is no greater [a] delegation of legislative power than it is to ask a jury, for example, to determine whether a person has been criminally negligent." 33 Or App at 165.

Aside from the fact that the introduction of the word "salacious" into the discussion does not seem particularly helpful, except in a very vague way, the dissenter's proposal runs squarely into the principle stated in *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969):

"A law that is too vague for reasonable adjudication is bad on two grounds. A vague statute lends itself to an unconstitutional delegation of legislative power to the judge and jury, and, by permitting the jury to decide what the law will be, it offends the principle, if not the rule, against *ex post facto* laws. *See* Oregon Constitution, Art I, § 21.

"It was argued in the case at bar that the jury should be permitted to exercise its own common sense and good judgment on the causes of delinquency, but this argument begs the question. Without a legislative declaration of standards, the trial court would have no basis for submitting one case to a jury and refusing to submit another case to a jury. Further, the trial jury would have no basis for deciding that a given course of conduct tended to endanger the welfare of a child, or that it had no such tendency. Some degree of ad hoc legislation by juries in finding defendants not guilty may be unavoidable and socially desirable to ease the edges of the criminal law, but the free-wheeling power to legislate so as to find a defendant guilty should not be institutionalized in a criminal statute. Such a statute not only creates a serious danger of inequality in the administration of the criminal law, but it runs squarely contrary to the purpose of the Oregon Constitution, Art I, § 21, which prohibits the delegation of legislative power."

■■ What *Turner* teaches in the context of the present

case is that, even though a constitutional challenge has not been preserved in a particular case, as here, we have to read and apply a statute in a constitutional manner. Moreover, unless we can say as a matter of law that the legislature intended a particular part of the body to be regarded as intimate, we cannot uphold a charge of sexual abuse based on unconsented contact with that part, and we cannot permit the legislative intent to be determined by the trier of fact.

We can find no basis in the language of the statute, or in any legislative history or argument presented to us, on which to conclude that the human "thigh area" or the area "between [female] breasts" are "intimate parts." Therefore, the indictment fails to allege a crime. The demurrer should have been allowed.

Reversed.[3]

---

[3] Nothing in this opinion may be taken to decide whether defendant may be recharged.