Argued and submitted June 29, affirmed August 24, reconsideration denied October 14, petition for review allowed November 16, 1988 (307 Or 145)

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD LEON McKENZIE,
*Appellant.*

(C87-02-30673; CA A44952)

759 P2d 1123

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from his conviction for escape in the second degree. ORS 162.155. He contends that the trial court erred in denying his motion for a judgment of acquittal and in failing to instruct the jury properly. We affirm.

Officer Watson received bail for the release of a detainee named Cannady, who was in the courthouse booking facility. Watson called the booking facility and told Officer Hall that Cannady's bail had been posted and that Cannady should be brought to the detention center for release. Hall told Officer Taber to get Cannady. By mistake, Taber got defendant. Officer Peterson was told to take "Cannady" to the detention center. Peterson thought defendant was Cannady and so took defendant to the detention center. While Peterson and defendant were in the detention center clothing room, defendant signed "Cannady" on Cannady's clothing card. During the release process, defendant also signed, as Cannady, a "Release Order and Agreement," an inmate property list, a list of "monies received" and a release information sheet. Defendant received $71.75 belonging to Cannady and instructions to Cannady to appear in Klamath County District Court. Defendant did not correct Peterson when Peterson called him "Cannady." Because the detention center's fingerprint analysis machine was broken, Watson visually compared defendant's fingerprints with those of Cannady. He felt they were "close." Thereafter, defendant was released.

Defendant was indicted for escape. At the close of the state's case, his attorney moved for a judgment of acquittal, arguing that the words "unlawful departure" used in ORS 162.135(4) are unconstitutionally vague.[1] He relied on Article I, sections 11, 20 and 21, of the Oregon Constitution, and the

---

[1] ORS 162.135 provides, in relevant part:

"As used in ORS 162.135 to 162.205, unless the context requires otherwise:

"* * * * *

"(4) 'Escape' means the unlawful departure, including failure to return to custody after temporary leave granted for a specific purpose or limited period, of a person from custody or a correctional facility but does not include failure to comply with provisions of a conditional release in ORS 135.245."

At trial, Defendant also argued that there was insufficient evidence that defendant left "a correctional facility." He does not make that argument on appeal.

Sixth and Fourteenth Amendments to the United States Constitution. The trial court denied his motion.

Defendant argues that the trial court should have treated his motion as a demurrer. He relies on *State v. Woodley,* 88 Or App 493, 746 P2d 227 (1987), *rev'd and rem'd* 306 Or 458, 760 P2d 884 (1988), and *State v. Johnson,* 80 Or App 350, 722 P2d 1266 (1986). The state argues that defendant waived his vagueness challenge by failing to demur to the indictment before trial.

The proper means to challenge the sufficiency of an indictment is by demurrer. *See* ORS 135.630(4). However, a defendant cannot waive the right to object to the court's jurisdiction to convict him of a nonexistent crime. *State v. Woodley, supra,* 88 Or App at 495; *State v. Johnson, supra,* 80 Or App at 353. In those cases, the defendants challenged the sufficiency of the indictments, arguing that they did not state crimes. We treated the challenges as demurrers.

ORS 135.630 provides, in relevant part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(4) That the facts stated do not constitute an offense."

ORS 135.640 provides:

"When the objections mentioned in ORS 135.630 appear upon the face of the accusatory instrument, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the accusatory instrument, or that the facts stated do not constitute an offense, may be taken at the trial under the plea of not guilty and in arrest of judgment."

In *Woodley* and *Johnson,* the defendants argued that the facts stated did not constitute offenses. In each case, we held that the defendant's mischaracterizations of his motion did not preclude him from making the challenge. Because ORS 135.640 permits such a challenge to be made in arrest of judgment, it is reasonable to allow such a challenge at the close of the state's case. However, ORS 135.640 does not permit a vagueness challenge other than by pretrial demurrer. *State v. Gardner,* 16 Or App 464, 466, 518 P2d 1341, *rev den* (1974). We decline to extend *Woodley* and *Johnson* to these facts.

■       Defendant next contends that the trial court erred in failing to give a requested jury instruction.[2] He relies on Article I, section 16, of the Oregon Constitution, which provides, in relevant part:

> "In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the court as to the law, and the right of new trial, as in civil cases."

That section is not an affirmative grant of authority to a defendant to have the jury instructed that it may determine the law. *State v. Daley,* 54 Or 514, 103 P 502, 104 P 1 (1909); *see State v. Hoffman,* 67 Or App 54, 57, 677 P2d 72, *rev den* 297 Or 82 (1984). Defendant's requested instruction would have invited the jury to ignore the trial court's instructions on the law. The trial court did not err in refusing to give it.

Affirmed.

---

[2] Defendant requested that the jury be instructed:

"You are instructed that in this case, as in all criminal cases, you have the right to determine the law as well as the facts, under the direction of the court as to the law."

The court instructed the jury:

"Now, as I am sure you understand, you are the sole judges of the facts. As a jury, you decide what happened. The Judge's function is to decide the questions of law if any that arise during the trial and instructing you on the law applicable to the case at the end of the trial.

"Your oath as a juror requires that you accept the law as given to you by the Court without regard for how you might feel about it. Of course, a Judge does the same thing. I will tell you what I understand the law to be without regard for how I might feel about it.

"We are not here to make law. We are here to apply the law, the existing law, to the facts of this case as you find the facts."