Argued and submitted January 31, the decision of the Court of Appeals is reversed and remanded to that court for further proceedings March 21, 1989

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# RICHARD LEON McKENZIE,
*Petitioner on Review.*

(TC C87-02-30673; CA A44952; SC S35592)

771 P2d 264

Ingrid A. MacFarlane, Salem, argued the cause and filed the petition on behalf of the petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause and filed the response on behalf of the respondent on review. With him on the response were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Laura S. Anderson, Assistant Attorney General, Salem.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette, and Fadeley, Justices.

GILLETTE, J.

## GILLETTE, J.

The issue in this case is whether a criminal statute may be challenged for unconstitutional vagueness by a motion for a judgment of acquittal made at the conclusion of the State's case. The Court of Appeals determined that such a challenge was not timely and affirmed defendant's conviction without reaching the merits of his claim. *State v. McKenzie,* 92 Or App 647, 759 P2d 1123 (1988). Although we agree that a motion for a judgment of acquittal was not the proper method to challenge the constitutionality of the statute, we conclude that a remedy was available in the form of a motion in arrest of judgment. The Court of Appeals should have heard defendant's claim on its merits. We reverse and remand the case to the Court of Appeals to decide the vagueness claim.

### I

On October 31, 1986, defendant was detained at the Multnomah County Detention Center under an alias, "Kennedy." A security deposit was received for an inmate named Cannady. By mistake, defendant was retrieved from his cell, processed, and released based on the belief that he was Cannady. Defendant took full advantage of the mistake. During the release process, he responded to the name "Cannady" and signed Cannady's name five times.[1] He left the jail with Cannady's personal property and $71.75 of Cannady's money.

Defendant subsequently was rearrested and charged with escape in the second degree.[2] At the conclusion of the State's case, defendant's attorney moved for a judgment of acquittal alleging that the words "unlawful departure" as used in the statute defining "escape" were unconstitutionally

---

[1] He signed Cannady's clothing card, a "Release Order and Agreement," an inmate property list, a list of "money received" and a release information sheet.

[2] ORS 162.155(1)(c) provides:

"(1) A person commits the crime of escape in the second degree if:

"* * * * *

"(c) The person escapes from a correctional facility."

At trial, defendant contended that the Multnomah County Detention Center was not a correctional facility. He does not raise that issue on review.

vague.[3] The trial judge considered the motion on its merits and denied it, stating that he was "not persuaded that [the statute] is so vague that a reasonable person cannot understand what it means."

## II

On appeal to the Court of Appeals, defendant acknowledged that the proper way to challenge an indictment was by demurrer before trial. *See* ORS 135.305 (defendant may respond to charging instrument by demurrer); 135.315 (same); 135.610 (time of filing and contents of demurrer); 135.630 (grounds of demurrer); 135.640 (timing of objections that are grounds for demurrer). Defendant requested, however, that the Court of Appeals follow its decisions in *State v. Johnson,* 80 Or App 350, 722 P2d 1266 (1986), and *State v. Woodley,* 88 Or App 493, 746 P2d 227 (1987), and treat the motion for judgment of acquittal as a demurrer. We shall examine briefly those two Court of Appeals opinions.

In *Johnson,* the indictment charged that the defendant "did unlawfully and knowingly attempt to use and with intent to use carry a three foot long wooden stick, a dangerous weapon." At the conclusion of the state's case, defendant moved for a judgment of acquittal, contending that the indictment was defective for not alleging that defendant intended to use the stick "against another." The Court of Appeals noted that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence and, if granted, bars reprosecution for the same offense. ORS 136.445." *State v. Johnson, supra,* 80 Or App at 352-353. The Court of Appeals considered such a remedy too extreme and decided, instead, to treat the motion as a demurrer. *Id.* at 353. This ruling protected both defendant's right to challenge the court's power to convict him of a non-existent crime and the state's ability to appeal a trial court's decision, without a judgment of acquittal barring retrial should the state win on appeal. *Woodley,* a sexual abuse case, cited *Johnson* and also required a motion for judgment of acquittal to be treated as a demurrer.

---

[3] ORS 162.135(4) provides:

"'Escape' means the unlawful departure, including failure to return to custody after temporary leave granted for a specific purpose or limited period, of a person from custody or a correctional facility but does not include failure to comply with provisions of a conditional release in ORS 135.245."

■■    In this case, the Court of Appeals did not treat the motion as a demurrer, reasoning:

> "In *Woodley* and *Johnson,* the defendants argued that the facts stated did not constitute offenses. In each case, we held that the defendant's mischaracterizations of his motion did not preclude him from making the challenge. Because ORS 135.640 permits such a challenge to be made in arrest of judgment, it is reasonable to allow such a challenge at the close of the state's case. However, ORS 135.640 does not permit a vagueness challenge other than by pretrial demurrer. *State v. Gardner,* 16 Or App 464, 466, 518 P2d 1341, *rev den* (1974). We decline to extend *Woodley* and *Johnson* to these facts."

*State v. McKenzie, supra,* 92 Or App at 650. We disagree for two reasons. First, it is inappropriate to construe any motion for a judgment of acquittal as a demurrer if the motion is made after jeopardy has attached. Second, ORS 135.640 does not require that a vagueness challenge be made only by demurrer.

To understand why it is inappropriate to consider a motion for judgment of acquittal as a demurrer it is necessary to consider the procedural status of criminal cases when they reach the Court of Appeals. Generally speaking, criminal cases will reach the Court of Appeals on an appeal by the defendant after a judgment of conviction. ORS 138.040. Occasionally, the state appeals following a ruling on a pre-trial motion or a demurrer. ORS 138.060. In none of these circumstances is the Court of Appeals faced with a double jeopardy problem because no trial has yet been held. Defense appeals do not present double jeopardy problems because the defendant already has been found guilty and cannot complain if his conviction is reversed and a new trial ordered. The state can appeal successful motions for a new trial or in arrest of judgment without risk of jeopardy attaching to the outcome because a reversal merely reinstates the earlier conviction.

That is not the case following a successful motion for a judgment of acquittal that is allowed during trial. The granting of such a motion acts as a bar to future prosecution. ORS 136.445.[4] The Court of Appeals has attempted to avoid this

---

[4] ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

problem by construing such motions as demurrers, but that construction only evades the statutory prohibition against reprosecution.[5] The constitutional bar remains.[6] Of course, by the time *Johnson* and *Woodley* reached the Court of Appeals, the state's right to retry the defendants was protected by a guilty verdict. The state has no such protection at the trial court level. If the trial judge grants a motion for acquittal (or sustains a demurrer) *during trial,* the state will be unable to appeal and future prosecution will be barred.

The second problem with the Court of Appeals reasoning is that it incorrectly assumes that "ORS 135.640 does not permit a vagueness challenge other than by pretrial demurrer. *State v. Gardner,* 16 Or App 464, 466, 518 P2d 1341, *rev den* (1974)." *State v. McKenzie, supra,* 92 Or App at 650. *Gardner* does indeed support this proposition but *Gardner* created the rule out of whole cloth. The cases *Gardner* cites[7] do not support the rule. Instead, those cases merely state the well established proposition that, in general, issues not raised before the trial court are not preserved on appeal. In this case, the issue was raised before the trial court and is ripe for consideration on appeal.

The Court of Appeals believed that ORS 135.640[8] permits a motion in arrest of judgment to allege that the facts stated in an indictment do not constitute an offense but does not permit a vagueness challenge to the indictment. We do not read the statutes so narrowly.

---

[5] ORS 131.535(2)(a) provides that it is not an acquittal when an accusatory instrument is dismissed upon a demurrer.

[6] For constitutional purposes, jeopardy attaches when the jury is impaneled and sworn. *State v. Buck,* 239 Or 577, 578, 398 P2d 176, 399 P2d 367 (1965); *State v. Chandler et al.,* 128 Or 204, 206, 274 P 303 (1929). The federal rule is the same and applies to the states. *Crist v. Bretz,* 437 US 28, 38, 57 L Ed 2d 24, 98 S Ct 2156 (1978).

[7] The Court of Appeals relied on *State v. Krause,* 251 Or 318, 323, 445 P2d 500 (1968); *State v. Thomson,* 203 Or 1, 16, 278 P2d 142 (1954); and *State v. Zusman,* 1 Or App 268, 271, 460 P2d 872 (1969), *rev den, cert den* 398 US 905, 90 S Ct 1698, 26 L Ed 2d 65 (1970).

[8] ORS 135.640 provides:

"When the objections mentioned in ORS 135.630 [as grounds for demurrer] appear upon the face of the accusatory instrument, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the accusatory instrument, or that the facts stated do not constitute an offense, may be taken at the trial, under the plea of not guilty and in arrest of judgment."

■        Motions in arrest of judgment and demurrers are intimately related. ORS 136.500 provides:

> "A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty. It may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise. The motion must be made within the time allowed to file a motion for a new trial, and both such motions may be made and heard as the court directs."

ORS 135.630 is the statute setting out the grounds for demurrer to a charging instrument. It provides:

> "The defendant may demur to the accusatory instrument when it appears upon the face thereof:
>
> "(1)   If the accusatory instrument is an indictment, that the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;
>
> "(2)   If the accusatory instrument is an indictment, that it does not substantially conform to the requirements of ORS 132.510 to 132.560, 135.713, 135.715, 135.717 to 135.737, 135.740 and 135.743;
>
> "(3)   That the accusatory instrument charges more than one offense not separately stated;
>
> "(4)   That the facts stated do not constitute an offense;
>
> "(5)   That the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action; or
>
> "(6)   That the accusatory instrument is not definite and certain."

Although the Court of Appeals did not state so explicitly, it must have believed that a vagueness challenge fell under ORS 135.630(6) rather than either subsection (1) or (4) and was, therefore, not a proper subject for a motion in arrest of judgment. We disagree. If a statute is constitutionally too vague, then the facts alleged in an indictment under such a statute do not and cannot constitute an offense. Thus, a vagueness challenge falls squarely under ORS 135.630(4) and the challenge can be made in a motion in arrest of judgment.

## III

■ Given such considerations, the solution to this problem becomes clear. Rather than construing as a demurrer a motion for a judgment of acquittal based on the alleged vagueness of the underlying criminal statutes, trial courts should construe any such motion as a premature motion in arrest of judgment. The motion should be denied, with leave to renew it after the verdict. If the defendant is acquitted, the motion is moot. If the defendant is convicted and the motion renewed, the trial judge can address it on its merits.

■ In the present case, the trial judge, possibly relying on *Gardner,* considered the motion and ruled on its merits at the conclusion of the state's case. Because he ruled against the defendant, this premature decision caused no harm. On the other hand, the Court of Appeals did not reach the merits of the vagueness question. It should have done so. The issue had been presented to the trial judge and ruled upon. Labels notwithstanding, a viable issue is presented whether defendant has been convicted under an unconstitutionally vague statute. The case is remanded to the Court of Appeals with instructions to treat the appeal as one from the denial of a motion in arrest of judgment.

The decision of the Court of Appeals is reversed and the case is remanded to that court for further proceedings consistent with this opinion.