Argued and submitted March 27, reversed and remanded for entry of judgment on jury verdict May 10, reconsideration denied July 14, petition for review denied August 1, 1989 (308 Or 198)

## STATE OF OREGON,
*Appellant,*

*v.*

## BRIAN DANIEL WILLIAMS,
*Respondent.*

(347822-8707; CA A47699)

773 P2d 25

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Garrett A. Richardson, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

PER CURIAM

## PER CURIAM

The state appeals an order granting defendant's motion in arrest of judgment. ORS 136.500. Defendant was convicted by a jury for sexual abuse in the second degree on a complaint alleging that he had subjected the victim to sexual contact by "touching the buttocks, an intimate part of [the victim]." ORS 163.415.[1] Before sentencing, defendant moved in arrest of judgment, arguing that the facts in the complaint did not constitute an offense. The court, on the basis of our decision in *State v. Woodley*, 88 Or App 493, 746 P2d 227 (1987), granted the motion.

While this appeal was pending, the Supreme Court reversed our ruling in *Woodley*, 306 Or 458, 760 P2d 884 (1988), concluding that intimate body parts included areas that are

"subjectively intimate to the person touched, and either known by the accused to be so or to be an area of the anatomy that would be objectively known to be intimate by any reasonable person." 306 Or at 463.

The buttocks are not excluded by that definition, consequently, the complaint states facts that could constitute an offense.

Reversed and remanded for entry of judgment on jury verdict.

---

[1] ORS 163.305(6) provides, in pertinent part:

" 'Sexual contact' means a touching of the sexual or other intimate parts of a person."