Submitted on remand from the Oregon Supreme Court April 27, affirmed
June 14, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD LEON McKENZIE,
*Appellant.*

(C87-02-30673; CA A44952)

775 P2d 907

Ingrid A. MacFarlane and Gary D. Babcock, Public Defender, Salem, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

This case is on remand from the Supreme Court to consider defendant's claim that ORS 162.135(4) is unconstitutionally vague. *State v. McKenzie,* 307 Or 554, 771 P2d 264 (1989). The pertinent facts are in the Supreme Court's opinion and in our previous opinion, 92 Or App 647, 759 P2d 1123 (1988).

**1, 2.**   The dispositive issue is whether the phrase "unlawful departure" in ORS 162.135(4) is unconstitutionally vague. "[A] criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct on their part will render them liable to its penalties." *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985). Defendant, focusing on the term "unlawful," argues that it is unclear whether the statute prohibits unplanned, unforced, and nonthreatening departures from correctional facilities. He is wrong. One can ascertain with a reasonable degree of certainty when such a departure would be unlawful and when it would be lawful. *See State v. Graves, supra,* 299 Or at 195. Accordingly, the statute is not impermissibly vague under Article I, sections 20 and 21.

We reject defendant's federal constitutional argument for the same reason. *See Kolender v. Lawson,* 461 US 352, 358, 101 S Ct 1855, 75 L Ed 2d 903 (1983).

Affirmed.