STATE OF OREGON,
*Respondent,*

*v.*

JAY RANDALL WOLFS,
*Appellant.*

(10-88-01844; CA A60331)

803 P2d 1192

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant appeals his conviction for being an ex-convict in possession of a firearm. ORS 166.270. He contends that the court erred by denying his motion to dismiss on former jeopardy grounds. We reverse.

At his first trial, after the state had rested, defendant moved for a "judgment of acquittal" on the ground that the indictment did not set out facts sufficient to establish a crime. The court granted that motion and issued an "Order of Judgment of Acquittal" acquitting defendant, but giving the state leave to resubmit the case. The state resubmitted the case under a new case number and obtained a new indictment. At the trial on the new indictment, defendant moved for a dismissal on the basis of former jeopardy. He argued that the previous acquittal barred the second prosecution for the same offense. The motion was denied.

The question presented is whether the granting of a motion for "judgment of acquittal," because the indictment did not set out facts sufficient to establish a crime, bars subsequent prosecution for the same offense under the Oregon Constitution,[1] ORS 131.515 *et seq* or the United States Constitution.[2] The state argues that retrial is not barred, because it was not a "true" acquittal.[3] Defendant argues that, "true" acquittal or not, jeopardy attached when the jury was sworn and a retrial of this case is barred. Defendant relies on *State v. McKenzie,* 307 Or 554, 771 P2d 264 (1989).

Defendant's motion for judgment of acquittal in the first trial was based on failure of the indictment to state a

---

[1] Oregon Constitution, Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence * * *."

[2] United States Constitution, Amendment V, provides:

"[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

[3] The state bases its argument on *United States v. Scott,* 437 US 82, 98 S Ct 2187, 57 L Ed 2d 65 (1978), where the Court held that the former jeopardy provisions of the federal constitution bar retrial only after a "true" acquittal. It defined a "true" acquittal as an acquittal on the merits and refused to bar a retrial when the first trial ended after allowance of the defendant's motion to dismiss on speedy trial grounds. Under *Scott,* it appears that defendant would not prevail on his challenge here. However, because we conclude that retrial is barred by the former jeopardy provisions of the Oregon Constitution, we do not reach defendant's Fifth Amendment argument.

crime. That objection can be raised pretrial by demurrer.[4] Had defendant demurred to the indictment, the granting of his motion would not have raised a former jeopardy bar.[5] Previously, we have reviewed the denial of motions for judgment of acquittal based on defects in the indictment as late demurrers, thereby avoiding the former jeopardy bar that would normally attach to a judgment of acquittal granted at the end of the state's case. *See State v. Woodley,* 88 Or App 493, 746 P2d 227 (1987), *rev'd on other grounds,* 306 Or 458, 760 P2d 884 (1988); *State v. Johnson,* 80 Or App 350, 722 P2d 1266 (1986). However, in *State v. McKenzie, supra,* 307 Or at 558, the Oregon Supreme Court indicated that that practice is inappropriate.

In *McKenzie,* the defendant challenged the indictment by a motion for judgment of acquittal at the close of the state's case on the ground that the applicable statute was unconstitutional. The motion was denied, and the defendant was convicted. On appeal, we determined that the challenge was not timely[6] and affirmed the conviction without reaching the merits. 92 Or App 647, 759 P2d 1123 (1988). On review, the Oregon Supreme Court held that a vagueness challenge could be made by motion in arrest of judgment and remanded the case to this court with instructions to treat the appeal as one from the denial of a motion in arrest of judgment. The court further held that the "demurrers" should be treated as premature motions in arrest of judgment, because of former jeopardy concerns.

The court explained:

---

[4] ORS 135.630(4) provides:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"(4) That the facts stated do not constitute an offense."

[5] ORS 135.670(1) provides:

"If a demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled."

[6] We determined that a vagueness challenge could be made only by demurrer under ORS 135.630(6) and that ORS 135.640 required that the objection must be taken before trial. The Supreme Court held that a vagueness challenge could also be made by a motion in arrest of judgment under ORS 136.500.

"To understand why it is inappropriate to consider a motion for judgment of acquittal as a demurrer it is necessary to consider the procedural status of criminal cases when they reach the Court of Appeals. Generally speaking, criminal cases will reach the Court of Appeals on an appeal by the defendant after a judgment of conviction. ORS 138.040. Occasionally, the state appeals following a ruling on a pre-trial motion or a demurrer. ORS 138.060. In none of these circumstances is the Court of Appeals faced with a double jeopardy problem because no trial has yet been held. Defense appeals do not present double jeopardy problems because the defendant already has been found guilty and cannot complain if his conviction is reversed and a new trial ordered. The state can appeal successful motions for a new trial or in arrest of judgment without risk of jeopardy attaching to the outcome because a reversal merely reinstates the earlier conviction.

"That is not the case following a successful motion for a judgment of acquittal that is allowed during trial. The granting of such a motion acts as a bar to future prosecution. ORS 136.445. The Court of Appeals has attempted to avoid this problem by construing such motions as demurrers, but that construction only evades the statutory prohibition against reprosecution. The constitutional bar remains. Of course, by the time *Johnson* and *Woodley* reached the Court of Appeals, the state's right to retry the defendants was protected by a guilty verdict. The state has no such protection at the trial court level. If the trial judge grants a motion for acquittal (or sustains a demurrer) *during trial,* the state will be unable to appeal and future prosecution will be barred." 307 Or at 558-59. (Footnotes omitted; emphasis in original.)

The state asks us to apply the reasoning of the federal cases to allow reprosecution of this defendant, arguing that the quoted reasoning in *McKenzie* is *dicta* and that we need not follow it. The line between what is and is not dicta in *McKenzie* is thin. It clearly holds that, because jeopardy has attached, we may not treat defendant's motion in his first trial as a demurrer. Neither may we treat it as a motion in arrest of judgment, because there is no verdict to reinstate. We are left with this situation: Defendant was acquitted after jeopardy had attached. The fact that the first trial court may have erred in entering a judgment of acquittal does not remove the former jeopardy bar. *See State v. Offet,* 36 Or App 865, 585 P2d 765 (1978); *State v. De Ford,* 120 Or 444, 250 P 220 (1926).

The hypothetical situation addressed in *McKenzie,*

although it might not have been strictly necessary to the court's holding, is certainly instructive. In the light of that instruction suggesting what the Oregon Constitution requires in this situation, we reject the state's argument that we should follow the federal analysis. The second prosecution was barred by Oregon's constitutional ban against a person being twice put in jeopardy for the same offense. The court erred by denying defendant's motion to dismiss.

Reversed.