Submitted on record and appellant's brief December 19, 1991, reversed and remanded with instructions to dismiss indictment February 12, 1992

## STATE OF OREGON,
*Respondent,*

v.

## ROBERT LARRY SWICEGOOD,
*Appellant.*

(10-90-03123D; CA A66096)

823 P2d 1041

John Halpern, Jr., Eugene, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on four counts of unlawful possession and delivery of controlled substances. ORS 475.992. Each count in the indictment alleged that defendant committed the crimes as part of a drug manufacturing or delivery scheme or network. Defendant did not demur to the indictment. After the state's evidence, he moved for judgment of acquittal, arguing that the scheme or network language in the indictment was unconstitutionally vague. *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). He assigns error to the trial court's denial of the motion.

The proper methods by which to challenge a criminal statute for vagueness is by demurrer or a motion in arrest of judgment. *State v. McKenzie*, 307 Or 554, 556, 771 P2d 264 (1989). We view defendant's motion as one in arrest of judgment. 307 Or at 561. Allowing a motion in arrest of judgment places a defendant in the position that he was in before the indictment. ORS 136.505. The state, by letter, concedes that the scheme or network language is unconstitutionally vague. *State v. Moeller, supra.* We accept that concession.

Reversed and remanded with instructions to dismiss the indictment.