Argued and submitted May 7, 1991, the decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further consideration February 13, 1992

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## JAY RANDALL WOLFS,
*Respondent on Review.*

## (CC 10-88-01844; CA A60331; SC S37847)

826 P2d 623

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner on review. Ann Kelley, Assistant Attorney General, Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem, filed the petition for petitioner on review.

George W. Kelly, Eugene, argued the cause and filed the response to the petition for respondent on review.

GRABER, J.

## GRABER, J.

The question presented in this criminal case is whether the granting of a defendant's motion for "judgment of acquittal" during trial, on the sole ground that the indictment did not state facts sufficient to establish a crime, bars a later prosecution. The Court of Appeals answered "yes." *State v. Wolfs*, 105 Or App 5, 803 P2d 1192 (1990). We reverse.

Defendant was indicted for being an ex-convict in possession of a concealable firearm. ORS 166.270(1) (1985).[1] After the state presented its case-in-chief at trial, defendant moved for a "judgment of acquittal." He argued that the indictment did not state facts sufficient to establish a crime. Defendant's only theory in support of the motion was that the indictment was defective in that it did not allege that the firearm was concealable. The trial court granted the motion and entered an "Order of Judgment of Acquittal," which gave "leave for the State to resubmit to the Grand Jury."

The state obtained a new indictment. At his second trial, defendant moved for a dismissal on the basis of former jeopardy under the applicable state statutes and constitutional prohibition. The trial court denied the motion. Defendant was convicted, and he appealed. The Court of Appeals reversed, holding that "[t]he second prosecution was barred by Oregon's constitutional ban against a person['s] being twice put in jeopardy for the same offense."[2] *State v. Wolfs*, *supra*, 105 Or App at 10. The court reasoned that *State v. McKenzie*, 307 Or 554, 771 P2d 264 (1989), suggested that result. 105 Or App at 8-10.

---

[1] ORS 166.270(1) (1985) provided:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns, or has in the person's possession or under the person's custody or control any firearm capable of being concealed upon the person, or any machine gun, commits the crime of exconvict in possession of a firearm."

ORS 166.270(5) (1985) provided that the crime of ex-convict in possession of a firearm was a Class C felony.

[2] Article I, section 12, of the Oregon Constitution, provides:

"No person shall be put in jeopardy twice for the same offence [*sic*] * * *."

■        "This court analyzes the statutory issues applicable to a case before reaching constitutional ones." *State v. Davis*, 295 Or 227, 240, 666 P2d 802 (1983). In this case, the Oregon statutes concerning jeopardy do not afford protection to defendant. The pertinent statutes include portions of ORS 131.505, 131.515, 131.525, and 136.445, as follows:

ORS 131.505(6) provides:

"There is an 'acquittal' if the prosecution results in a finding of not guilty by the trier of fact or in a determination that there is insufficient evidence to warrant a conviction."

ORS 131.515(1) provides:

"Except as provided in ORS 131.525 and 131.535:

"(1)   No person shall be prosecuted twice for the same offense."

ORS 131.525(1) provides in part:

"A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

"(a)   The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, the right to object to termination.

"(b)   The trial court finds that a termination, other than by judgment of acquittal, is necessary because:

"* * * * *

"(B)   There is a legal defect in the proceeding that would make any judgment entered upon a verdict reversible as a matter of law[.]"

ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

Those statutes make clear that, to be a statutory bar to a later prosecution for the same offense, an "acquittal" must relate to the substance of what occurred at the first prosecution. An "acquittal" means "a finding of not guilty by

the trier of fact or * * * a determination that there is insufficient evidence to warrant a conviction." ORS 131.505(6). Similarly, for a "judgment of acquittal" to bar a later prosecution for the same offense, the court's granting of the defendant's motion for judgment of acquittal must be on the ground that "the evidence introduced theretofore is such as would not support a verdict against the defendant." ORS 136.445. In contrast, when a defendant moves to terminate a proceeding on the sole ground that the accusatory instrument is defective, the applicable statutes do not bar a later prosecution. ORS 131.525(1)(a), (b)(B).

■ We turn, then, to defendant's state constitutional argument, which is based on this court's opinion in *State v. McKenzie, supra.* In *McKenzie*, the defendant was charged with escape. At trial, he moved for a judgment of acquittal at the conclusion of the state's case, arguing that the phrase "unlawful departure," as used in the statute defining "escape," was unconstitutionally vague. The trial court denied the motion. The defendant was convicted; he appealed. The Court of Appeals held that the constitutional challenge to the statute was untimely, because the defendant could make such a challenge exclusively by means of a demurrer before trial. *State v. McKenzie*, 92 Or App 647, 650, 759 P2d 1123 (1988). On review, this court held that, although "a motion for a judgment of acquittal was not the proper method to challenge the constitutionality of the statute, we conclude that a remedy was available in the form of a motion in arrest of judgment." *State v. McKenzie, supra,* 307 Or at 556. The case was remanded to the Court of Appeals to decide the vagueness claim on its merits. *Ibid.* In explaining the holding, this court wrote:

> "To understand why it is inappropriate to consider a motion for judgment of acquittal as a demurrer it is necessary to consider the procedural status of criminal cases when they reach the Court of Appeals. Generally speaking, criminal cases will reach the Court of Appeals on an appeal by the defendant after a judgment of conviction. ORS 138.040. Occasionally, the state appeals following a ruling on a pretrial motion or a demurrer. ORS 138.060. In none of these circumstances is the Court of Appeals faced with a double jeopardy problem because no trial has yet been held. Defense appeals do not present double jeopardy problems because the

defendant already has been found guilty and cannot complain if his conviction is reversed and a new trial ordered. The state can appeal successful motions for a new trial or in arrest of judgment without risk of jeopardy attaching to the outcome because a reversal merely reinstates the earlier conviction.

"That is not the case following a successful motion for a judgment of acquittal that is allowed during trial. The granting of such a motion acts as a bar to future prosecution. ORS 136.445. The Court of Appeals has attempted to avoid this problem by construing such motions as demurrers, but that construction only evades the statutory prohibition against reprosecution. The constitutional bar remains. Of course, by the time *[State v.] Johnson*[, 80 Or App 350, 722 P2d 1266 (1986),] and *[State v.] Woodley*[, 88 Or App 493, 746 P2d 227 (1987), *rev'd on other grounds*, 306 Or 458, 760 P2d 884 (1988),] reached the Court of Appeals, the state's right to retry the defendants was protected by a guilty verdict. The state has no such protection at the trial court level. If the trial judge grants a motion for acquittal (or sustains a demurrer) *during trial*, the state will be unable to appeal and future prosecution will be barred." 307 Or at 558-59 (footnotes omitted; emphasis in original).

The Court of Appeals relied solely on that passage, and in particular on the last sentence just quoted, to reach its result in the present case. 105 Or App at 9-10. That sentence from *State v. McKenzie*, *supra*, must be read in context. The only issue presented in *McKenzie* was "whether a criminal statute may be challenged for unconstitutional vagueness by a motion for a judgment of acquittal made at the conclusion of the State's case." 307 Or at 556. In that situation, if the criminal statute under which the indictment was brought were held to be unconstitutionally vague and a "judgment of acquittal" were entered,[3] then a later prosecution necessarily

_____

[3] This court had occasion to consider an appeal from a judgment of acquittal in *State v. Carrillo*, 311 Or 61, 804 P2d 1161 (1991). There, this court held that the state may not appeal from a trial court's "judgment of acquittal," entered pursuant to ORS 136.130. ORS 136.130 provides that a judgment of acquittal shall be entered if the trial court dismisses a felony or Class A misdemeanor accusatory instrument and intends the dismissal to bar another action for the same crime. *State v. Carrillo* does not govern the present question, even though this court rejected the state's argument that the judgment of acquittal in *Carrillo* was the "functional equivalent" of a pretrial order dismissing the accusatory instrument, from which the state may appeal under ORS 138.060(1). *Carrillo* concerns appeals, whereas this case concerns reprosecution. The statutes construed in *Carrillo* are not in issue here.

would be barred, because there would be no valid statutory basis on which such a prosecution could go forward. In contrast, here, defendant does not attack the validity of the statute under which he was prosecuted. Instead, he argues that the indictment did not include all the essential elements of the statute. In that situation, a later prosecution is not necessarily barred, because a proper indictment is still possible.

■ An assertion that the facts stated in the accusatory instrument do not constitute an offense is a ground for a demurrer. ORS 135.630(4). ORS 135.610(1) provides that a defendant may enter a demurrer "either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose." Accordingly, the applicable statutes permit the trial court to allow a defendant to assert that the facts stated in the accusatory instrument do not constitute an offense, at any time, including at the close of the state's case-in-chief. The first question is whether the analysis of former jeopardy under the state constitution should differ on the sole ground that one defendant makes the assertion in a "demurrer," while another defendant makes an identical assertion in a "motion for judgment of acquittal." We answer that question "no." There is no principled reason for the analysis of former jeopardy under the state constitution to differ merely because the label that the defendant chooses is "motion for judgment of acquittal" instead of "demurrer."[4]

■ The second question is whether the granting of a demurrer or a motion made during trial invariably bars a second prosecution under Article I, section 12. This court has answered "no" to that question as well. For example, in *State v. Jones*, 240 Or 546, 547, 402 P2d 738 (1965), the defendant objected during his first trial to a variance between the indictment and the evidence, and his motion to dismiss the proceeding was granted. He was reindicted under a statute permitting the state to reindict if the former prosecution was dismissed for want of prosecution, upon demurrer, or because of variance.[5]

---

[4] We also note that the trial court could more accurately have called its order an "order dismissing the indictment."

[5] The applicable statute was ORS 135.890 (1965). In 1973, that statute was repealed and replaced with ORS 131.525 and ORS 131.535, the pertinent parts of which are the same as the current statutes. The legislature intended to incorporate the principles of ORS 135.890 and of *State v. Jones, supra*, into ORS 131.525 and

After being convicted, the defendant appealed, arguing that the second prosecution offended Article I, section 12. This court rejected the argument:

> "We have been cited no authority for the proposition that either ORS 135.890 or the earlier statutes which preceded it are unconstitutional.
>
> "We have always held that a criminal verdict on the merits will bar another prosecution for the same offense, and we have held that the discharge of a jury under circumstances in which jeopardy was not properly annulled by the trial court constitutes the equivalent of acquittal. See *State v. Chandler et al*, 128 Or 204, 274 P 303 (1929). But it is settled in this state that if jeopardy is properly annulled for any reason, including the reasons set forth in ORS 135.890, the proceedings stand upon the same footing as if the defendant had never been in jeopardy. *City of Portland v. Stevens*, 180 Or 514, 178 P2d 175 (1947)." 240 Or at 547-48.

The present situation is one of those referred to in *State v. Jones, supra,* 240 Or at 548, in which "the proceedings stand upon the same footing as if the defendant had never been in jeopardy." The first accusatory instrument charged no crime. Defendant was on trial, but not for any crime; thus, he was never in jeopardy of being convicted of a crime.

Had he challenged the first indictment by demurrer, before trial, our prior cases demonstrate that Article I, section 12, would not have barred a later prosecution under a new charging instrument. The only issue here is whether the same kind of challenge bars a later prosecution when the defendant chooses to make it during trial in a "motion for judgment of acquittal."

The purposes of the constitutional protection are to prevent the state from attempting repeatedly to convict a person for the same offense, thereby subjecting the person to embarrassment, expense, and continuing anxiety, and to give a person the right to have a trial completed by a particular tribunal once trial has begun. *State v. Rathbun,* 287 Or 421, 430, 600 P2d 392 (1979). Those purposes would not be served

---

ORS 131.535. Proposed Oregon Criminal Procedure Code, Final Draft and Report 21-23, §§ 28, 29 Commentary (November 1972).

by the Court of Appeals' result in this case. Under its interpretation, a defendant who is faced with a defective indictment could have it dismissed without risk of a second, corrected indictment, merely by delaying a challenge until after a jury is impaneled and labeling the challenge a motion for judgment of acquittal. A similarly situated defendant who demurs earlier, as provided by ORS 135.610(1), and labels the challenge a demurrer, as provided by ORS 135.630(4), may be reindicted. The constitution does not compel that result. We hold that the state was not barred by Article I, section 12, from retrying defendant when his "motion for judgment of acquittal" was granted, during trial, on the sole ground that the indictment did not state facts sufficient to establish a crime.

Finally, we note that defendant has raised several additional assignments of error, which are unrelated to his claims of former jeopardy. Because the Court of Appeals reversed on the basis of its analysis of former jeopardy, it did not reach defendant's additional assignments of error. Accordingly, we remand this case to the Court of Appeals to consider the remaining issues.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further consideration.