Argued and submitted August 20, convictions affirmed; remanded with instructions
October 20, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## LARRY RAY MINNIEAR,
*Appellant.*

## (91-CR-0168-15; CA A77480)

859 P2d 1205

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of sodomy in the first degree, ORS 163.405, after a trial to a jury. He assigns error to the imposition of multiple post-prison supervision terms on the consecutive sentences. Defendant did not object below, and we decline to exercise our discretion to address the alleged error. ORAP 5.45(2); *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993).

Defendant did object to the imposition of a post-prison supervision term of 20 years, pursuant to ORS 144.103.[1] The state concedes that the statute applies only to persons convicted of an offense that occurred on or after September 1, 1991, and that defendant committed the offenses before that date. Both defendant and the state agree that the mandated term of post-prison supervision for the sodomy convictions is 36 months.

Convictions affirmed; remanded with instructions to modify judgment to impose 36-month term of post-prison supervision on sodomy convictions.

---

[1] ORS 144.103 provides, in part:

"Any person sentenced to a term of imprisonment for violating or attempting to violate [the statute pertaining to first-degree sodomy] shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."