Argued and submitted June 29, conviction affirmed; remanded for entry of amended judgment August 3, petition for review denied November 15, 1994 (320 Or 360)

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN DOUGLAS BERKEY,
*Appellant.*

(91-00342CR, 91-00343CR, 91-00344CR;
CA A78650 (Control), A78651, A78652)
(Cases Consolidated)

877 P2d 1238

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for sodomy in the first degree. ORS 163.405. We affirm his conviction without discussion and remand for entry of an amended judgment correcting the term of post-prison supervision.

Defendant challenges the imposition of a 15-year term of post-prison supervision pursuant to ORS 144.103, arguing that the correct term is three years. ORS 144.103 applies to sentencing for crimes that occurred after September 29, 1991,[1] and the crime for which defendant was convicted occurred in 1990. Although defendant did not object to the post-prison supervision term, the state concedes that the error is apparent on the face of the record and should be corrected. We accept the state's concession of error and agree that the error is apparent on the face of the record. We exercise our discretion to review the error, because the length of the post-prison supervision term exceeds that allowable by law, and justice would be served by correcting the error. We remand for entry of an amended judgment. Defendant need not be present for the entry of the amended judgment. *State v. Lyons*, 124 Or App 598, 863 P2d 1303 (1993), *rev allowed* 319 Or 406 (1994).

Conviction affirmed; remanded for entry of amended judgment.

---

[1] The parties in this case agree that the statute applies to crimes that occurred after September 1, 1991. However, Oregon Laws 1991, chapter 831, section 3, and Oregon Laws 1993, chapter 18, section 177, provide that ORS 144.103 applies to persons convicted of crimes that occurred on or after September 29, 1991. Our use of the September 1 date in *State v. Minniear*, 124 Or App 197, 198, 859 P2d 1205 (1993), appears to have been a typographical error.