Argued and submitted August 5, 1994, affirmed February 22, petition for review denied August 22, 1995 (321 Or 512)

# STATE OF OREGON,
## *Respondent,*

*v.*

# WILLIAM RAY SOLOMON,
## *Appellant.*

## (93-20068; CA A81504)

890 P2d 433

David C. Force argued the cause for appellant. With him on the brief was Terrance P. Gough.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Riggs, P. J., *vice* Rossman, P. J., retired.

**De MUNIZ, J.**

■     Defendant was convicted, after trial to a jury, of initiating a false report to the police. ORS 162.375. We view the evidence in the light most favorable to the state, *State v. Kolbe*, 115 Or App 268, 270, 838 P2d 612 (1992), *rev den* 315 Or 644 (1993), and affirm.

The charge arose from events following the discovery of the body of a homicide victim who had last been seen alive on November 25, 1992, at the Great Alaska Bush Company in Eugene, a topless dancing establishment where she had been employed. The police solicited information from the public. At trial, the state presented evidence that defendant telephoned the police and reported that he had seen the victim on the night of her murder arguing with a man with a bushy beard who was wearing a teal-colored coat. Defendant reported that he had seen the man drive away after the victim in a white Isuzu Trooper with a license number QWK 279. The detective who was given the information testified that, based on his prior investigation and the specificity of defendant's report, he knew that the information was false as soon as he received it. However, he checked the license number and talked to the person to whom the vehicle was registered in order to see if the person "knew anybody that would want to make a false report like this." The detective learned that the person had formerly been defendant's supervisor and about the work situation that had existed.

At trial defendant claimed that his report to the police was one in which he relayed information that had been given to him. He presented evidence that he originally took a telephone message for his son from an exotic dancer named Jamie. Jamie said that she had witnessed the argument and had noted the vehicle and its license number. Defendant testified that he wrote that message on the back of an envelope, which his wife testified that she handed to him. The envelope was admitted as defendant's exhibit. Defendant also sought to introduce two tape-recorded messages from an answering machine, which he claimed that he had received from Jamie after he had made the report to the police. In the messages, Jamie asked whether anyone had contacted the

police with the information that she had provided.[1] On the state's pre-trial motion, the trial court excluded the tapes from evidence.

Defendant was charged with initiating a false report, and also with disorderly conduct, ORS 166.025, and harassment. ORS 166.065. The trial court granted defendant's motion for judgment of acquittal on the charge of disorderly conduct, and the jury found him not guilty of harassment.

Defendant assigns error to the trial court's exclusion of the tape recordings. At trial, his sole theory for the admissibility of the recordings was that they were hearsay that showed his state of mind at the time he made the report to the police. The trial court found that the tapes were not relevant and that they were hearsay that did not come within the exception argued by defendant.

On appeal, defendant has abandoned his position that the tapes showed his state of mind. He argues that the tapes were not hearsay or, if they were, that they came within OEC 804(3)(f), the catch-all exception to the hearsay rule. The state argues that defendant did not preserve those arguments. Defendant contends that, because he was the proponent of the evidence, he may make the alternative arguments for the first time on appeal.

We are not in accord with defendant's understanding of the requirements for preservation of error. Although there are distinctions between preserving issues, identifying sources and making arguments, *see State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), those distinctions do not absolve a party from alerting a trial court that an error exists. At trial, defendant took the position that the recordings were hearsay. He cannot now be heard to argue that the trial court erred in agreeing with that assessment of the evidence.

Likewise, defendant cannot claim that the court erred because the evidence comes within the catch-all exception to the hearsay rule. OEC 804(3)(f) requires a trial court to determine, before admitting hearsay evidence, that

"(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for

---

[1] Jamie could not be located and was unavailable to testify at trial.

which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence."

Here, defendant did not just fail to make a particular argument as to the admissibility of the evidence. Instead, his position did not give the trial court any opportunity to make the findings required under OEC 804(3)(f)[2] and did not provide the opposing party with an opportunity to present competing arguments. Under those circumstances, defendant's argument is not in a posture capable of review. *See State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990); *Simpson v. Simpson*, 83 Or App 86, 730 P2d 592 (1986), *rev den* 303 Or 454 (1987).

Defendant also assigns error to the trial court's denial of his post-trial motion in arrest of judgment on the ground that ORS 162.375 violated his constitutional right of free speech under Article I, section 8, of the Oregon Constitution. ORS 162.375(1) provides:

"A person commits the crime of initiating a false report if the person knowingly initiates a false alarm or report which is transmitted to a fire department, law enforcement agency or other organization that deals with emergencies involving danger to life or property."

The nature of defendant's constitutional challenges is not entirely clear. However, as we understand defendant's first position, he contends that ORS 162.375(1) unconstitutionally forbids speech unless the statute is read as forbidding *injury* that is caused by speech. The state argues that defendant should not be permitted to raise his argument by a motion in arrest of judgment, because the argument presents a facial challenge to ORS 162.375(1) on overbreadth grounds.

Defendant insists that he is not arguing that the statute is overbroad. He contends that his challenge is on

---

[2] Indeed, defendant concedes as much, when he notes that the "issue of trustworthiness could have been resolved in [*sic*] its merits had it in fact been raised."

vagueness grounds, which he may make in a motion in arrest of judgment. *State v. McKenzie*, 307 Or 554, 560, 771 P2d 264 (1989). He argues that, when the statute is read according to his interpretation, the constitutional defect as it applies to him became apparent only after he was acquitted of disorderly conduct by the court and found not guilty of harassment by the jury, which would have been injuries caused by his report.

A motion in arrest of judgment "may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and *not otherwise*." ORS 136.500. (Emphasis supplied.) ORS 135.630 provides the grounds for a demurrer. As relevant, it provides:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"(1)   If the accusatory instrument is an indictment, the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"* * * * *

"(4)   That the facts stated do not constitute an offense[.]"

■       We conclude that this apsect of defendant's argument does not present a vagueness challenge within ORS 135.630(4). In *State v. McKenzie, supra*, 307 Or at 560, in *dicta*, the court stated that a vagueness challenge comes within ORS 135.630(4), because facts alleged in an indictment under a constitutionally vague statute do not and cannot constitute an offense. However, as the Oregon Supreme Court clarified in *State v. Wolfs*, 312 Or 646, 651, 826 P2d 623 (1992), the only issue before the court in *McKenzie* was whether a criminal statute could be challenged for vagueness by a motion for a judgment of acquittal at the conclusion of the state's case. Here, defendant's motion was one for arrest of judgment.

■       An unconstitutionally vague statute is one that fails to give fair notice of prohibited conduct. *State v. Plowman*, 314 Or 157, 160, 838 P2d 558 (1992). However, defendant is not arguing that ORS 162.375(1) did not provide fair notice of

the prohibited conduct. His argument, rather, is that the statute, as written, cannot prohibit his conduct.

Neither the result on the disorderly conduct and harassment charges nor the evidence presented at trial has any bearing on defendant's constitutional claim. Had the court adopted defendant's interpretation, the events at trial might have been grounds for a motion for a judgment of acquittal. However, they do not change the nature of defendant's objection to the statute, which is that it reaches protected conduct. Defendant's objection to the statute was apparent from the face of the accusatory instrument and should have been raised by demurrer before trial. ORS 135.640. Defendant's overbreadth argument cannot be raised by a motion in arrest of judgment.

■     Defendant does raise a vagueness challenge by his contention that "[i]t is unreasonable to believe that a layperson would be placed on notice by ORS 162.375(1) that any 'knowing' communication of questionable or potentially inaccurate information, causing harm to no one, is a crime in this state." We do not agree with defendant's reading. The statute clearly informs a person that it is criminal to knowingly make a false alarm or report to a fire department, law enforcement agency or organization that deals with emergencies involving danger to life or property. The statute gives fair notice of the prohibited conduct. The trial court did not err in denying defendant's motion in arrest of judgment.

Affirmed.