Argued and submitted January 31, remanded in part; otherwise affirmed
June 28, 1995

STATE OF OREGON,
*Respondent,*

*v.*

KENT BULLOCK,
*Appellant.*

(92-10-5845C; CA A80832)

899 P2d 709

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant was convicted of four counts of sodomy in the first degree, ORS 163.405; three counts of rape in the first degree, ORS 163.375; four counts of sexual abuse in the second degree, ORS 163.425; unlawful sexual penetration in the first degree, ORS 163.411; and two counts of unlawful sexual penetration in the second degree, ORS 163.408. Defendant assigns error to the court's imposition of $38,967.45 in restitution and 20 years of post-prison supervision.

■ We review the facts in the light most favorable to the state. *State v. Butterfield,* 128 Or App 1, 3, 874 P2d 1339, *rev den* 319 Or 625 (1994). Between 1987 and 1991, defendant committed a series of sexual offenses against his daughter, who was nine years old in 1987. When she was 10 or 11 years old, the victim began to suffer from behavioral problems. The victim told her mother that she had been sexually abused by a babysitter. She was enrolled in a sexual abuse treatment program. After leaving the program, the victim began consuming drugs and alcohol and became sexually promiscuous. The victim also repeatedly ran away from home, broke into a school and falsely reported a rape. She was placed in foster homes.

When she was 13 years old, the victim was placed in Rosemont Residential Treatment Center, a locked facility. During counseling, the victim disclosed that defendant had sexually abused her on several occasions. After attempting to commit suicide, she was placed in a treatment program at Oregon State Hospital.

At trial, an expert witness for the state testified that defendant's acts heavily traumatized the victim. The expert explained that the effects of long term sexual abuse, particularly from a trusted parent, include drug and alcohol abuse, truancy, aggression and other anti-social behaviors. Another expert testified that all of the victim's symptoms were consistent with victims of sexual abuse.

Defendant assigns error to the court's order of restitution. The order imposes (1) $320 to be paid to Alexandria and Associates for a sexual victim trauma assessment; (2) $18,647.45 to be paid to Children's Services Division (CSD) for "treatment and care"; and (3) $20,000 to be paid to

Adult and Family Services (AFS) for medical expenses. Defendant does not challenge the assessment to Alexandria and Associates. He argues that the assessments to CSD and AFS were beyond the authority of the court.

ORS 137.106(1) provides:

> "When a person is convicted of criminal activities, or a violation under ORS 161.565, which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103(2) provides, in part:

> " 'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities * * *."

Defendant argues that the CSD and AFS expenses constitute general, rather than pecuniary damages, as defined in ORS 137.103(2), because neither CSD nor AFS could recover those damages in a civil action against him. *See State v. Dillon*, 292 Or 172, 182, 637 P2d 602 (1981). He argues that certain statutes preclude recovering state assistance provided to the victim.[1]

■   The state contends that defendant did not argue to the trial court that the expenses to CSD and AFS were not "pecuniary damages," that CSD and AFS were not "victims" under ORS 137.103(4) or that there was no theory of civil liability under which they could recover the claimed expenses. It contends, therefore, that we should not address defendant's argument. At the sentencing hearing, defendant challenged restitution on the ground that defendant's criminal behavior did not "cause" the victim's conduct. Defendant did not argue that the expenses were not pecuniary or that certain statutes preclude relatives from liability for the cost of patient care in state institutions.[2] We agree with the state

---

[1] ORS 416.400 *et seq.*

[2] Defendant argued that the state could recover costs for counseling related to

that defendant has not preserved his arguments in a posture for review. *See State v. Solomon*, 133 Or App 184, 187-88, 890 P2d 433 (1995).

Defendant also argues that the restitution order was in error because the state did not show a causal relationship between his criminal activity and the harm suffered by the victim, as required by ORS 137.106(1). *Dillon*, 292 Or at 181. He concedes that the record supports the trial court's finding that most, if not all, of the victim's emotional problems are a result of the sexual abuse. He argues, however, that he cannot be held liable for the consequences of the victim's actions even if those actions were motivated in whole or in part by her emotional problems. The gist of his position is that the victim's own "free will and self-determination" are intervening factors and that the victim is responsible for the behavior that necessitated treatment and care outside the home. Those expenses, he contends, are really child support costs that are beyond the scope of restitution.

■ ■ We do not agree that the expenses here were too remote to be considered the results of defendant's crime. For purposes of restitution, causation is met by applying a "but for" standard. *State ex rel Juv. Dept. v. Dickerson*, 100 Or App 95, 98, 784 P2d 1121 (1990). The trial court found that the emotional problems that the victim experienced were a result of the sexual abuse. We agree with the state that the emotional and psychological problems that required the victim's removal from the home were a natural consequence of defendant's criminal activities, and that the causal requirement of ORS 137.106(1) was satisfied.

■ In his second assignment, defendant argues that the court erred when it imposed 20-year concurrent terms of post-prison supervision on each of his convictions on counts III, IV, VI, VII and XIV. The post-prison supervision terms were imposed pursuant to ORS 144.103, which provides, in part:

> "Any person sentenced to a term of imprisonment for violating or attempting to violate [the offense of first-degree sodomy] shall serve a term of post-prison supervision that

---

sexual abuse but that the victim was in the "system because of the things that she had done," and that "all these items" could not be separated.

> shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

Defendant points out that ORS 144.103 does not apply to his offenses, because he committed them before September 1, 1991. *State v. Minniear*, 124 Or App 197, 198, 859 P2d 1205 (1993). He concludes that the court should have imposed a three-year term of post-prison supervision pursuant to OAR 253-05-002(2)(c).

The state agrees that the correct term is three years but argues that defendant failed to object to the imposition of the post-prison supervision term. Defendant argues that we should exercise our discretion to review the error. In *State v. Rood*, 129 Or App 422, 879 P2d 886 (1994), the defendant failed to object to the erroneous imposition of an 18-month prison term, where the guidelines provided for a maximum term of 90 days. The state conceded error, but argued against review. We said:

> "[I]n view of the state's concession, several of the considerations that might otherwise weigh against our review of an unpreserved error are less persuasive. In addition, defendant is substantially prejudiced by being sentenced to a prison term that is six times the maximum allowable by the guidelines."

Likewise here, the error prejudices defendant by subjecting him to a post-prison supervision term far in excess of the correct term. The error can be corrected with minimal judicial effort, *State v. Jones*, 129 Or App 413, 416-17, 879 P2d 881 (1994), and we exercise our discretion to reach it. We accept the state's concession and remand for entry of a corrected post-prison supervision term.

Remanded for entry of corrected judgment; otherwise affirmed.