Argued and submitted October 22, judgment vacated, remanded for resentencing
November 20, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES WESLEY MEYERS,
*Appellant.*

(10-84-08501; CA A35305)

709 P2d 253

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for attempted burglary in the first degree. He contends that his motion for judgment of acquittal of attempted burglary in the first degree should have been granted, because the indictment did not charge attempted burglary but only attempted trespass. We modify the judgment and remand for resentencing.

The indictment reads:

"The above named defendant is accused by the Lane County Grand Jury of the crime of ATTEMPTED BURGLARY IN THE FIRST DEGREE committed as follows:

"The defendant on or about the 25th day of October 1984, in the county aforesaid, did unlawfully and knowingly attempt to enter the building located at 469 East 3rd Avenue, Eugene, Lane County, Oregon, and while effecting entry was armed with gloves and pliers, burglar's tools; contrary to statute and against the peace and dignity of the State of Oregon."

The state agrees that the indictment does not allege all the necessary elements of burglary in the first degree, because it fails to allege that defendant intended to commit a crime in the building or to allege the specific crime he intended to commit. *See State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977). However, the state argues that the sufficiency of the indictment to charge a crime cannot be raised by a motion for acquittal.

Defendant was being tried for attempted burglary in the first degree. The attempted burglary was alleged to be in the first degree, because defendant was armed with burglar's tools: gloves and pliers. ORS 164.225. The difficulty arose because the indictment charged only attempted trespass in the second degree. ORS 164.245. It was appropriate for defendant to challenge the entry of conviction for attempted burglary. Defendant cannot be convicted for a crime not charged or necessarily included in the indictment. He cannot be convicted for a greater *excluded* crime, even if the evidence would support that conviction.

Because the court found defendant guilty of attempted burglary, it necessarily found all the elements of attempted trespass in the second degree.

Judgment of conviction for attempted burglary in the

first degree vacated; remanded for entry of a judgment of conviction for attempted trespass in the second degree and for resentencing.