Argued and submitted August 28, DUII conviction affirmed; driving while suspended felony convictions vacated and remanded with instructions December 17, 1986

STATE OF OREGON,
*Respondent,*

*v.*

DAVID ALLEN PALMER,
*Appellant.*

(85-1251, 85-1356; CA A38106)

730 P2d 623

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In these consolidated criminal cases, defendant seeks reversal of two convictions for driving while revoked and one for driving while under the influence of intoxicants.

In separate trials to the court, the court found defendant guilty of the two separate counts of felony driving while revoked. In each case, the indictments alleged that defendant drove a vehicle outside the restrictions of his license. Neither of them alleged that, at the time of his driving, he had an occupational or probationary license or that his license was suspended or revoked. Therefore, the indictments charged nothing more than driving outside the restriction of his license, a Class B traffic infraction. *Former* ORS 482.280. Defendant challenged the defect in the indictments by demurrer and by moving for a judgment of acquittal, each of which was denied.

The state concedes error, agreeing that defendant could not be convicted of an offense that was not charged or necessarily included in the indictment. *State v. Meyers,* 76 Or App 420, 709 P2d 253 (1985).

The DUII conviction is affirmed; the two driving while suspended felony convictions are vacated, and those cases are remanded with instructions to enter judgments for driving outside the license restriction and for resentencing.[1]

---

[1] Although defendant assigns error to the court's overruling his demurrer to the indictments, that ruling was correct from a technical standpoint, because the indictments did allege an offense. We treat the error as one of law apparent on the face of the record and consider it pursuant to ORAP 7.19. We have reviewed the other assignments and find no error.