Argued and submitted May 27, 2003, affirmed July 8, 2004

STATE OF OREGON,
*Respondent,*

*v.*

JERRY DALE HANKINS,
*Appellant.*

C002213CR; A115703

93 P3d 826

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the opening brief was David E. Groom, Acting Executive Director, Office of Public Defense Services. With him on the reply brief was Peter A. Ozanne, Executive Director.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his convictions on four counts of delivery of marijuana to a minor. ORS 475.995. He contends that the trial court erred in denying his motion for judgment of acquittal on those counts. According to defendant, the indictment failed to allege in each of the counts essential elements of the offense, which were that he was at least 18 years old and three years older than the minor to whom he delivered marijuana. We affirm.

Defendant was a taxi driver who regularly transported S.I., who was 15 years old at the time. Defendant offered S.I. marijuana four times while driving him from one place to another. It was that conduct that led the state to indict him on four counts of delivering marijuana to a minor.

The caption of each count is identical and provides, "DELIVERY OF A CONTROLLED SUBSTANCE TO A MINOR—Drug-Marijuana—Victim Juv 3 years Younger Def (FSG = 8; A Felony; ORS 475.995(1)) FPC#: 37220860[.]" The body of each count also is identical except for the date of the offense. Each alleges that "defendant, on [certain dates] in Washington County, Oregon, did unlawfully and knowingly deliver a controlled substance marijuana to a person under 18 years of age."

■ ■ ORS 135.630(4) provides that a "defendant may demur to [an] accusatory instrument when it appears upon the face thereof * * * [t]hat the facts stated do not constitute an offense." "An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense." *State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992). "Whether an element is essential or material depends upon whether the word can be struck from the indictment without 'rendering the pleading vulnerable to demurrer on the ground that it no longer states a crime.' " *State v. Burnett*, 185 Or App 409, 413-14, 60 P3d 547 (2002) (quoting *State v. Russell*, 231 Or 317, 319, 372 P2d 770 (1962)).

■ Defendant contends on appeal that the essential elements of the charge of delivering marijuana to a minor are

those listed in ORS 475.995(5) and include that the defendant is 18 years old or older and at least three years older than the minor.[1] The state responds that those are not essential elements of the charge and that the elements of the charge are listed in ORS 475.995(1). It reasons that ORS 475.995(5) creates an exception to ORS 475.995(1) and, therefore, that it was not required to allege the elements listed in ORS 475.995(5) in the indictment.[2]

ORS 475.235(1) provides that

"[i]t is not necessary for the state to negate any exemption or exception in ORS 475.005 to 475.285 and 475.940 to 475.999 in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under ORS 475.005 to 475.285 and 475.940 to 475.999. The burden of proof of any exemption or exception is upon the person claiming it."

As the parties have framed their dispute, the critical issue is whether the crime stated in ORS 475.995(5) is an "exception" to the crime stated in ORS 475.995(1), as that term is used in ORS 475.235.

We do not reach that issue. As the trial court noted, defendant's motion for a judgment of acquittal, which challenged the sufficiency of the indictment, properly states grounds for a demurrer and not for a judgment of acquittal. *See* 132.550(7); ORS 135.630(2); ORS 136.445; *State v. Wolfs*, 312 Or 646, 652-53, 826 P2d 623 (1992). The trial court did not elect to treat defendant's motion for a judgment of acquittal as a demurrer, and defendant did not argue that it should.

---

[1] ORS 475.995(5) provides:

"Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475.005 to 475.285, and 475.940 to 475.999, and notwithstanding ORS 475.992(2), delivery of marijuana to a minor is a Class A felony if:

"(a) The defendant is at 18 years of age or over; and

"(b) The conviction is for delivery of marijuana to a person under 18 years of age who is at least three years younger than the defendant."

[2] ORS 475.995(1) provides:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.999, it is unlawful for any person to deliver a controlled substance to a person under 18 years of age. Any person who violates this section with respect to * * * [a] controlled substance in Schedule I is guilty of a Class A felony."

Indeed, defendant argued that the indictment could *not* be challenged by demurrer but only by a motion for a judgment of acquittal. We therefore conclude that the trial court did not err in denying defendant's motion.

Affirmed.