345

Submitted on appellant's petition for reconsideration filed September 2, 2004, reconsideration allowed; previous disposition (194 Or App 140, 93 P3d 826 (2004)) adhered to February 2, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JERRY DALE HANKINS,
*Appellant.*

C002213CR; A115703

105 P3d 902

Rankin Johnson IV, Deputy Public Defender, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant petitions for reconsideration of our opinion in *State v. Hankins*, 194 Or App 140, 93 P3d 826 (2004), arguing that we erred in holding that his motion for a judgment of acquittal did not preserve a challenge to the sufficiency of the indictment.

We restate the facts pertinent to defendant's reconsideration petition. At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the indictment failed to allege all of the elements of the crime of delivery of marijuana to a minor. The trial court denied the motion without considering the merits of defendant's argument, reasoning that a challenge to the sufficiency of the indictment should have been raised by a pretrial demurrer. Defendant appealed from that ruling, and we affirmed, reasoning that, because "[t]he trial court did not elect to treat defendant's motion for a judgment of acquittal as a demurrer, and defendant did not argue that it should[,]" 194 Or App at 143, the trial court did not err in denying defendant's motion.

■ Defendant contends on reconsideration that a motion for a judgment of acquittal *is* a proper method to challenge the sufficiency of an indictment at trial, citing *State v. Meyers*, 76 Or App 420, 709 P2d 253 (1985). There, the defendant appealed from his conviction for attempted burglary, arguing that the trial court should have granted his motion for a judgment of acquittal because the indictment did not charge attempted burglary but only attempted trespass. *Id.* at 422. The state argued that a motion for a judgment of acquittal could not be used to challenge the sufficiency of an indictment. Without explanation, we considered the merits of the defendant's argument.

■ After we decided *Meyers*, the Supreme Court resolved in *State v. McKenzie*, 307 Or 554, 771 P2d 264 (1989), how a trial court should treat a motion for a judgment of acquittal that challenges the sufficiency of an indictment. Under *McKenzie,* a motion for a judgment of acquittal that challenges the sufficiency of an indictment should be treated as a premature motion in arrest of judgment. A court may

consider the merits of such a motion at trial. *Id.* at 561. However, a court may refuse to consider the motion and deny it because it is premature. *Id.* If a court refuses to consider the merits of the motion and the defendant is convicted, the defendant must renew the motion after the conviction in order to preserve for appellate review the issue whether the indictment was sufficient. *Id.*; *State v. Maxwell,* 165 Or App 467, 473, 998 P2d 680 (2000), *rev den,* 334 Or 632 (2002).

Here, the trial court refused to consider the merits of defendant's challenge to the sufficiency of the indictment at trial. Defendant did not renew his motion after he was convicted. Therefore, defendant did not preserve the issue that he sought to raise on appeal.

Reconsideration allowed; previous disposition adhered to.