Argued and submitted September 12, 2006, decision of Court of Appeals and judgment of circuit court affirmed January 19, reconsideration denied March 7, 2007

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JERRY DALE HANKINS,
*Petitioner on Review.*

## (CC C002213CR; CA A115703; SC S52438)

151 P3d 149

Rankin Johnson IV, Portland, argued the cause and filed the briefs for petitioner on review. With him on the petition for review were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Riggs, Balmer, and Kistler, Justices.**

KISTLER, J.

---

** Carson, J., retired December 31, 2006, and did not participate in the decision of this case. Riggs, J., retired September 30, 2006, and did not participate in the decision of this case. Walters and Linder, JJ., did not participate in the consideration or decision of this case.

## KISTLER, J.

The indictment in this case alleged that defendant had committed a felony by delivering marijuana to a minor. After the state presented its evidence, defendant moved for a judgment of acquittal on the ground that the indictment failed to allege all the elements of the charged offense. The trial court denied that motion, reasoning that defendant should have raised his objection to the sufficiency of the indictment by way of a demurrer. The Court of Appeals agreed and affirmed the trial court's judgment. *State v. Hankins*, 194 Or App 140, 93 P3d 826 (2004), *on recons*, 197 Or App 345, 105 P3d 902 (2005). We allowed defendant's petition for review and now affirm the Court of Appeals decision.

Before setting out the facts, we first describe the relevant statutes. As a general rule, distributing marijuana for consideration is a Class B felony. *Former* ORS 475.992(2)(a) (1999).[1] The legislature, however, has determined that distributing small amounts of marijuana for no consideration constitutes either a Class A misdemeanor or a violation, depending on the amount of marijuana distributed. *Former* ORS 475.992(2)(b) (1999). The legislature also determined that distributing controlled substances to minors constitutes a more serious offense. *See former* ORS 475.995 (1999) (providing greater penalties for distributing controlled substances to minors). Accordingly, it provided that distribution of marijuana to a minor is a Class A felony if (1) the defendant is more than 18 years of age and (2) the minor is at least three years younger than the defendant. *Former* ORS 475.995(5) (1999).[2] Under *former* ORS 475.995(5) (1999), it is

---

[1] Because the alleged acts occurred in 2000, we refer to the 1999 versions of ORS 475.992 and ORS 475.995 throughout this opinion. In 2005, the legislature revised much of ORS chapter 475. Or Laws 2005, ch 708. As part of that revision, the legislature consolidated the provisions related to delivery of marijuana, including those formerly found in ORS 475.992 and ORS 475.995, in ORS 475.860. Or Laws 2005, ch 708, §§ 31, 39, 40.

[2] *Former* ORS 475.995(5) (1999) provided:

"Notwithstanding the placement of marijuana [as a Schedule I controlled substance] and notwithstanding ORS 475.992(2) [providing that delivery of marijuana may be a Class B felony, a Class A misdemeanor, or a violation], delivery of marijuana to a minor is a Class A felony if:

"(a) The defendant is 18 years of age or over; and

immaterial if the defendant receives no consideration or if he or she distributes only a small amount of marijuana.

As noted, the grand jury indicted defendant for four counts of delivering a controlled substance to a minor.[3] In all material respects, the four counts are identical; the second count, which is illustrative, alleges:

"DELIVERY OF A CONTROLLED SUBSTANCE TO A MINOR—Drug-Marijuana—Victim Juv 3 Years Younger Def (FSG = 8; A Felony; ORS 475.995(1)) FPC#: 37220860

"* * * * *

"The defendant, on or between March 4, 2000 to August 4, 2000, in Washington County, Oregon, did unlawfully and knowingly deliver a controlled substance marijuana to a person under 18 years of age."[4]

Defendant did not demur to the indictment. Rather, at the close of the state's case-in-chief, defendant moved for a judgment of acquittal. Defendant argued that, under *former* ORS 475.995(5) (1999), the indictment was deficient because it failed to allege that he was 18 years of age or older and that the victim was at least three years younger than he was.[5] The trial court denied defendant's motion for judgment of acquittal, reasoning that there was evidence from which a reasonable juror could find both those facts. When defendant objected that he was challenging the sufficiency of the indictment, not the sufficiency of the evidence, the trial court explained that a demurrer was the proper way to challenge the sufficiency of an indictment.

The jury found defendant guilty of four counts of delivering a controlled substance to a minor.[6] At sentencing,

---

"(b) The conviction is for delivery of marijuana to a person under 18 years of age who is at least three years younger than the defendant."

[3] The grand jury also indicted defendant for four counts of endangering the welfare of a minor. ORS 163.575. The jury convicted him of all four counts, and defendant has not challenged those convictions on appeal.

[4] The second, third, and fourth counts are identical in all respects. The first count differs only as to the date. It alleges that defendant delivered a controlled substance "on or about August 4, 2000."

[5] Although the caption of the indictment refers to *former* ORS 475.995(1) (1999), defendant did not argue that proceeding under *former* ORS 475.995(5) (1999) constituted an impermissible variance.

[6] The trial court instructed the jury that, in addition to the other elements of the offense of delivering marijuana to a minor, it had to find beyond a reasonable

defendant renewed his objection to the indictment; he argued that, because the indictment alleged only a violation, the trial court could not sentence him for a felony. The trial court did not accept defendant's argument and imposed concurrent felony sentences on the four counts.

Defendant appealed from the resulting judgment of conviction, assigning error to the ruling denying his motion for judgment of acquittal. He argued on appeal, as he had before the trial court, that the indictment failed to allege all the elements necessary to prove a violation of *former* ORS 475.995(5) (1999). The Court of Appeals did not reach the merits of that argument. Rather, it reasoned that, under this court's decisions, a challenge to the sufficiency of an indictment "states grounds for a demurrer and not for a judgment of acquittal," at least where the trial court did not elect to treat the defendant's motion as a demurrer. *Hankins*, 194 Or App at 143.

■ The initial question that this case presents is whether defendant's motion for judgment of acquittal preserved his claim that the indictment failed to allege a violation of *former* ORS 475.995(5) (1999). On that point, defendant does not dispute that a pretrial demurrer ordinarily is the appropriate procedure for challenging an indictment. He argues, however, that he could not demur to the indictment in this case. Defendant notes that ORS 135.630(4) authorizes a demurrer when the "facts stated [in the indictment] do not constitute an offense." He contends that, because each of the four counts states, at a minimum, a violation under *former* ORS 475.992(2)(a) (1999), the facts stated in the indictment constituted "an offense." It follows, he concludes, that he could not demur to the indictment under ORS 135.630(4) and that he had to raise his challenge to the indictment as part of a motion for judgment of acquittal.

Defendant's argument rests initially on the premise that, under ORS 135.630(4), he could not demur to the indictment on the ground that it failed to state the charged offense.

---

doubt that defendant was 18 years of age or older and that the victim was at least three years younger than the defendant. Defendant has not argued that the court erred in instructing the jury or that there was insufficient evidence to prove any of the elements of the offense.

ORS 135.630(4), the subsection on which defendant focuses, provides that a "defendant may demur to the accusatory instrument when it appears on the face thereof * * * [t]hat the facts stated do not constitute an offense." As defendant interprets that subsection, it permits a demurrer only when the facts stated do not constitute "any" offense. Although the statute uses the word "an" rather than "any," defendant's interpretation is a permissible one. Another interpretation is equally permissible, however. The word "an" is an indefinite article, and the phrase "an offense" could refer to whatever offense a particular accusatory instrument purports to charge. *See Webster's Third New Int'l Dictionary* 1 (unabridged ed 2002) (defining "a," and by extension "an,"[7] as an "indefinite article * * * used as a function word before most singular nouns * * * when the individual [or thing] in question is undetermined, unidentified, or unspecified").

Even though the text of ORS 135.630(4) permits two interpretations, this court's cases make clear that the latter interpretation is the correct one. In *State v. Fanus*, 336 Or 63, 68-69, 79 P3d 847 (2003), for example, the state charged the defendant with aggravated murder, and the defendant demurred to the indictment on the ground that the statute authorizing the death penalty was facially unconstitutional. This court held that defendant properly had brought his challenge pursuant to ORS 135.630(4) even though it recognized that, if his challenge to the death penalty were successful, the facts stated in the indictment still could have constituted an offense.[8] *Id.* at 68-70 & n 9; *accord City of Portland v. Dollarhide*, 300 Or 490, 495-96, 503-05, 714 P2d 220 (1986) (recognizing proposition). The court accordingly explained in *Fanus* that, "when a defendant alleges that only an invalid penalty is applicable to a charged offense, the defendant's challenge relates to whether the facts stated constitute an offense and is grounds for a pretrial demurrer under ORS 135.630(4)." 336 Or at 68 n 9.

---

[7] *Webster's* defines "an" as an indefinite article that means "a." *Webster's* at 75.

[8] Specifically, even if the death penalty were unconstitutional, the facts stated in the indictment still would have constituted either the offense of aggravated murder (with a sentence of life imprisonment) or the offense of murder.

Following *Fanus,* we conclude that, even if the facts stated in the indictment constituted a violation under *former* ORS 475.992(2)(a) (1999), ORS 135.630(4) still permitted defendant to demur to the indictment on the ground that the facts stated did not constitute the offense that the indictment purported to charge—felony distribution to a minor under *former* ORS 475.995(5) (1999).

Although we conclude that defendant could have raised his objection by way of a pretrial demurrer, three issues regarding preservation remain. The first issue is whether, although defendant did not file a pretrial demurrer, ORS 135.610 permitted him to file a demurrer later during trial. The second issue is whether ORS 135.640 permitted defendant to raise his objection to the indictment by some means other than a demurrer. The final issue is whether, even if the trial court correctly denied defendant's motion for judgment of acquittal, we should remand this case to the Court of Appeals to treat his motion as if it were a motion in arrest of judgment.

■ On the first issue, ORS 135.610 provides that a "demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose." Although that statute provides that a defendant generally should file a demurrer at arraignment, it recognizes that trial courts have discretion to permit defendants to file demurrers later. *See State v. Wimber,* 315 Or 103, 112, 843 P2d 424 (1992) (recognizing discretion to consider post-arraignment demurrer); *but see State ex rel Schrunk v. Bonebrake,* 318 Or 312, 320-21, 865 P2d 1289 (1994) (distinguishing and limiting *Wimber*). In this case, the trial court denied defendant the opportunity to file a mid-trial demurrer, and we cannot say that it abused its discretion in doing so. *See Bonebrake,* 318 Or at 320-21 (suggesting that a trial court's discretion to permit a mid-trial demurrer is limited).

■ On the second question, ORS 135.630 sets out six grounds for demurring to an indictment. ORS 135.640 provides that four of those grounds may be raised only by demurrer. It follows that those grounds may be raised only at arraignment or at such other time as the trial court allows

under ORS 135.610. ORS 135.640 also provides, however, that two of the six grounds may be raised by some means other than a demurrer. ORS 135.640 states:

"When the objections mentioned in ORS 135.630 appear upon the face of the accusatory instrument, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the accusatory instrument, or that the facts stated do not constitute an offense, may be taken at the trial, under the plea of not guilty and in arrest of judgment."

This court interpreted ORS 135.640 in *State v. McKenzie*, 307 Or 554, 559, 771 P2d 264 (1989), and explained that a defendant is not limited to a pretrial demurrer when he or she contends that the facts stated in the accusatory instrument do not constitute an offense. However, this court also held in *McKenzie* that, when a defendant moves for a judgment of acquittal on the ground that the facts stated do not constitute an offense, "[t]he motion should be denied, with leave to renew it after the verdict." *Id.* at 561. The court reasoned that, "[i]f the defendant is acquitted, the motion is moot. If the defendant is convicted and the motion renewed, the trial judge can address it on the merits." *Id.*

*McKenzie*'s holding rests on sound principles of judicial economy. As the court noted, if the jury acquits on the challenged offense, the motion for judgment of acquittal will be moot. Moreover, if the trial court allows the motion for judgment of acquittal and takes the case away from the jury, a second trial will be necessary if it turns out, on appeal, that the court erred. *See State v. Wolfs*, 312 Or 646, 826 P2d 623 (1992) (recognizing that double jeopardy does not bar a retrial and, by extension, an appeal when a trial court grants a motion for judgment of acquittal on the ground that the facts stated in the indictment do not constitute an offense).

As *McKenzie* recognized, the trial court should deny the motion for judgment of acquittal and let the case go to the jury. If the jury finds the defendant guilty of the offense, then the defendant may file a motion in arrest of judgment and, if the trial court concludes that the facts stated in the indictment do not constitute an offense, it may allow that motion. Under that procedure, a second trial will not be necessary if

an appellate court later determines that the trial court erred in granting the motion in arrest of judgment.

In this case, defendant moved for a judgment of acquittal on the ground that the facts stated in the indictment did not constitute an offense. Following *McKenzie*, the trial court denied defendant's motion, leaving him free to raise the same objection pursuant to a motion in arrest of judgment.[9] We reaffirm the reasoning in *McKenzie* and hold that the trial court did not err in denying defendant's motion for judgment of acquittal.

■　　Defendant raises a final issue. He contends that, even if the trial court correctly denied his motion for a judgment of acquittal, we should follow the decision in *McKenzie* and remand this case to the Court of Appeals to treat his motion for judgment of acquittal as if it were a motion in arrest of judgment. *See McKenzie*, 307 Or at 561 (following that course). We think that this case differs from *McKenzie* in a significant respect, however.

The defendant in *McKenzie* was not aware, until the court issued its decision in that case, that he should have raised his objection to the indictment by way of a motion in arrest of judgment and, if the trial court denied his motion, assigned error to that ruling on appeal. Defendant, by contrast, was on notice of the holding in *McKenzie*. Consistently with *McKenzie*, after the trial court denied his motion for judgment of acquittal, defendant filed a post-verdict motion contending that the facts stated in the indictment did not constitute the crime of felony distribution of marijuana to a minor. The trial court denied that motion. However, on appeal, defendant assigned error only to the ruling denying his motion for a judgment of acquittal. He did not assign error to the ruling denying his post-verdict motion based on the same ground.

---

[9] At oral argument, defendant contended that, because he could not demur to the indictment pursuant to ORS 135.630(4), he could not bring a motion in arrest of judgment. *See* ORS 136.500 (stating that a motion in arrest of judgment "may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise"). As explained above, however, the premise of defendant's argument is incorrect.

Defendant now asks us to remand this case to the Court of Appeals so that it can treat his motion for judgment of acquittal as if it were a post-verdict motion raising the same objection. Defendant, however, could have assigned error to the trial court's ruling denying his post-verdict challenge to the indictment and thus preserved that issue for appellate review. *See* ORAP 5.45(1) and (3) (requiring that a party assign error to the specific ruling that he or she challenges to preserve that ruling for appellate review). Defendant did not do so, and we decline to remand this case to the Court of Appeals to give defendant a second opportunity to challenge a ruling that, for whatever reason, he chose not to assign as error initially. Because defendant thus did not properly preserve his objection to the indictment, we do not reach the question whether the facts stated in the indictment constituted the offense of felony distribution of marijuana to a minor.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.