Argued and submitted July 15, reversed and remanded December 16, 2009

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

JOSHUA ERIC SPIRO BROWN,
*Defendant-Respondent.*

Jackson County Circuit Court
063500AFE; A136709

223 P3d 1056

Susan Howe, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jesse Wm. Barton argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant was indicted on counts alleging various drug-related offenses. Pursuant to ORS 135.630(4), he demurred to Count 2 of the indictment, which alleged the unlawful delivery of marijuana under ORS 475.860. The trial court ultimately allowed the demurrer, and the state now appeals. We reverse and remand for the reasons explained below.

Count 2 of the indictment charged defendant with "UNLAWFUL DELIVERY OF MARIJUANA (SUBSTAN-TIAL QUANTITY) (FSG = 8; A Felony; ORS 475.860)," committed as follows:

"The defendant, Joshua Erik Spiro Brown on or about June 9, 2006, in Jackson County, Oregon, did unlawfully and knowingly deliver marijuana. The state further alleges that the above-described delivery of marijuana involved a substantial quantity of a controlled substance, consisting of 150 grams or more of a mixture or substance containing a detectable amount of marijuana."

Defendant's demurrer to that count asserts that "[i]n order to be a class A felony, ORS 475.860(4)(a) requires, as an element of the crime, that the delivery is to a person under 18 years of age and that the defendant be at least three years older than the person to whom the marijuana is delivered." Thus, in defendant's view, Count 2 of the indictment was legally insufficient because it failed to allege the elements of a Class A felony and the "trial court properly ordered the state to correct the indictment's Count 2 to state that it charges a Class B felony rather than a Class A felony."

In the trial court, the state responded to defendant's demurrer by arguing that the delivery of marijuana as alleged in the indictment constitutes a Class A felony pursuant to ORS 475.840(1)(a) and ORS 475.860(1).[1] Following the state's response, defendant filed a supplemental demurrer to

---

[1] The 2009 Legislative Assembly amended both ORS 475.840 and ORS 475.860. Or Laws 2009, ch 898, § 1; Or Laws 2009, ch 610, § 1. All references herein are to the 2005 versions of the statutory provisions, which are the versions applicable in this case.

Count 2, arguing that "[i]t defies all common sense, and it violates the Oregon Constitution[']s prohibition against disproportionate sentences to allow the delivery of marijuana for no consideration to be treated more seriously—much more seriously—than the greater crime of delivery of marijuana for consideration."

The trial court initially denied defendant's demurrer. However, defendant sought reconsideration. On reconsideration, he renewed his proportionality argument and also asserted that ORS 475.860 was intended to encompass all marijuana crimes and that, pursuant to that statute, the delivery of "marijuana for no consideration should be a class B felony in either crime category 4 or crime category 8." Following a hearing, the trial court ordered "that defendant's demurrer is allowed and Count 2 may be amended to read a Class 'B' Felony. The state may resubmit or refile the matter within 30 days from the date of this judgment." This appeal is from that order.

■■ In response to the state's appeal, defendant initially raises a jurisdictional issue. The state appealed under ORS 138.060(1)(a), which provides that the state may appeal "[a]n order made prior to trial dismissing or setting aside the accusatory instrument[.]" Pursuant to that provision, a trial court's order sustaining a demurrer is appealable. *State v. Robertson*, 293 Or 402, 404-07, 649 P2d 569 (1982); *State v. Wright*, 167 Or App 297, 301-02, 999 P2d 1220, *adh'd to as modified on recons*, 169 Or App 78, 7 P3d 738, *rev den*, 331 Or 334 (2000). Nonetheless, defendant contends that the state's appeal should be dismissed because the state "is asking the court to exercise jurisdiction over a trial court order with which the state could comply by amending by interlineation one count's classification from an A felony to a B felony, and by otherwise leaving the indictment intact." In defendant's view, ORS 138.060(1)(a) does not grant appellate jurisdiction under the above circumstances because the improper classification of a crime is not among the grounds provided in ORS 135.630 for demurrers.

■ ■ Defendant filed his demurrer pursuant to ORS 135.630(4). Pursuant to that statute, a defendant may demur to the accusatory instrument where it appears on the face

thereof "[t]hat the facts stated do not constitute an offense." Thus, a defendant may demur to an accusatory instrument when the facts stated therein are not sufficient to constitute "whatever offense [that] particular accusatory instrument purports to charge." *State v. Hankins*, 342 Or 258, 263, 151 P3d 149 (2007). In *Hankins*, the court considered whether a defendant could demur to an indictment that purported to charge him with delivery of marijuana as a Class A felony but which, he contended, alleged facts sufficient only to constitute a violation. The court concluded that "even if the facts stated in the indictment constituted a violation * * *, ORS 135.630(4) still permitted [the] defendant to demur to the indictment on the ground that the facts stated did not constitute the offense that the indictment purported to charge—felony distribution to a minor * * *." *Id.* at 264. Accordingly, under the holding in *Hankins*, a defendant may properly demur to an accusatory instrument by arguing that the language in the charge purports to charge a more serious form of a particular crime than the facts contained therein support.

■ Defendant demurred to Count 2 on the ground that it purported to charge delivery of marijuana as a Class A felony but failed to allege facts that would make the alleged delivery a Class A felony. Under *Hankins*, defendant's demurrer was procedurally proper. The trial court allowed the demurrer. Although it permitted the state to refile or resubmit an amended indictment classifying the delivery charge as a Class B felony, the court, by allowing the demurrer, effectively precluded the state from prosecuting defendant for the Class A felony as originally charged. The state could have elected to proceed to charge defendant with a Class B felony, but it was not required to do so. Rather, ORS 138.060(1)(a) was enacted by the legislature to broaden the state's ability to appeal orders that invalidate accusatory instruments. *Robertson*, 293 Or at 407. Here, the court's order had the effect of invalidating the state's attempt to charge defendant with a Class A felony and is, therefore, appealable.

■ We turn to the state's assignment of error on appeal—that the "trial court erred when it granted defendant's demurrer, ruling, in essence, that delivery of marijuana, as pleaded in [C]ount 2 of defendant's indictment, was

a Class B felony." The state contends that, pursuant to ORS 475.860 and ORS 475.840, "delivery of marijuana, without further pleading or proof, is a Class A felony." Defendant disagrees with the state's interpretation of the statutory scheme.

As framed, the issue is one of statutory construction, which we analyze by first examining the text of the relevant statutes in context, along with any helpful legislative history offered by the parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Pursuant to ORS 475.840(1), "[e]xcept as authorized by ORS 475.005 to 475.285 and 475.840 to 475.890, it is unlawful for any person to manufacture or deliver a controlled substance." A person who manufactures or delivers "[a] controlled substance in Schedule I is guilty of a Class A felony, except as otherwise provided in ORS 475.860." ORS 475.840(1)(a). Marijuana is a Schedule I controlled substance. OAR 855-080-0021(1); 21 CFR § 1308.11.[2] Thus, under ORS 475.840(1)(a), the delivery of marijuana is generally a Class A felony. However, that statute, by its terms, acknowledges and excepts certain marijuana offenses that are set forth in ORS 475.860 from Class A felony treatment.

ORS 475.860, in turn, provides:

"(1)   It is unlawful for any person to deliver marijuana.

"(2)   Unlawful delivery of marijuana is a Class B felony if the delivery is for consideration.

"(3)   Notwithstanding subsection (2) of this section, unlawful delivery of marijuana is a:

"(a)   Class A misdemeanor, if the delivery is for no consideration and consists of less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae; or

"(b)   Violation, if the delivery is for no consideration and consists of less than five grams of the dried leaves, stems and flowers of the plant Cannabis family Moraceae.

---

[2] In 2009, legislation was enacted mandating that "[t]he State Board of Pharmacy shall classify marijuana as a controlled substance in Schedule II, III, IV or V." Or Laws 2009, ch 898, § 2. That reclassification is not applicable to this case.

A violation under this paragraph is punishable by a fine of not less than $500 and not more than $1,000. Fines collected under this paragraph shall be forwarded to the Department of Revenue for deposit in the Criminal Fine and Assessment Account established in ORS 137.300.

"(4)  Notwithstanding subsections (2) and (3) of this section, unlawful delivery of marijuana is a:

"(a)  Class A felony, if the delivery is to a person under 18 years of age and the defendant is at least 18 years of age and is at least three years older than the person to whom the marijuana is delivered; or

"(b)  Class C misdemeanor, if the delivery:

"(A)  If for no consideration;

"(B)  Consists of less than five grams of the dried leaves, stems and flowers of the plant Cannabis family Moraceae;

"(C)  Takes place in a public place, as defined in ORS 161.015, that is within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors; and

"(D)  Is to a person who is 18 years of age or older."

When the text of ORS 475.840(1)(a) is read with the text of ORS 475.860, the intent of the legislature becomes evident. Unless the circumstances enumerated in ORS 475.860 exist, the unlawful delivery of marijuana constitutes a Class A felony under ORS 475.840(1)(a). Nonetheless, defendant contends that "because the legislature expressly provided for Class A felony liability for marijuana delivery in ORS 475.860(4)(a), it intended to exclude using other statutes, *e.g.*, ORS 475.840, to impose such liability." We are unpersuaded by that assertion. First, the text of ORS 475.840(1)(a) includes a direct reference to ORS 475.860, making clear that the legislature intended for the two statutes to work in concert. Furthermore, the statutes do not conflict with each other. Instead, ORS 475.840(1)(a) operates in a manner that treats the crime of delivery of marijuana as a Class A felony by default when the circumstances enumerated within ORS 475.860 are not alleged. ORS 475.860(4)(a) does not alter that result. Rather, it evidences the legislature's express

direction that the particular circumstances in ORS 475.860(4)(a) will also be afforded Class A felony treatment in addition to the general treatment of the delivery of marijuana as a Class A felony.

In addition, the statutory context of ORS 475.860 and ORS 475.840(1) confirms that the legislature did not intend for the delivery of marijuana to be necessarily a Class B felony. Pursuant to ORS 475.862(2), the "[u]nlawful delivery of marijuana within 1,000 feet of a school is a Class A felony." Again, the legislature has specified in ORS 475.862(2) that particular circumstances surrounding the delivery of marijuana will receive Class A felony treatment. Thus, a survey of the entire statutory scheme regarding the delivery of marijuana confirms that the legislature has provided for multiple circumstances in which the delivery of marijuana constitutes a Class A felony. Those circumstances include where (1) the delivery is to a person under 18 years of age and the defendant is at least 18 years of age and at least three years older than the person to whom the marijuana is delivered (ORS 475.860(4)(a)); (2) the delivery is within 1,000 feet of a school (ORS 475.862(2)); and (3) the delivery is of more than one ounce of marijuana and is for no consideration (ORS 475.840(1)(a) and ORS 475.860).[3]

Defendant also asserts that "ORS 475.860(4)(a)'s **specific** authority for Class A felony convictions for marijuana delivery precludes reliance on the **general** Class A felony statute, ORS 475.840 * * *." (Boldface in original.) Pursuant to ORS 174.020(2), when a general statute is inconsistent with a specific statute, "the latter is paramount to the former." We apply that rule as follows:

> "When one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy. However, if the two statutes cannot be harmonized, the specific statute is considered an exception to the general statute."

---

[3] A potential redundancy exists regarding the scope of ORS 475.840(1)(a), ORS 475.862(2), and ORS 475.860(4)(a). However, we are unaware of any statutory maxim that prohibits the legislature from enacting multiple statutes that can be violated by the same conduct.

*Lewis v. CIGNA Ins. Co.*, 339 Or 342, 350, 121 P3d 1128 (2005) (internal quotation marks and brackets omitted).

As discussed above, the two statutes at issue here do not conflict with one another but, instead, are complementary in nature. As provided in ORS 475.840(1)(a), the more general provisions of that statute apply only where the particular provisions of ORS 475.860 are inapplicable. Based on the unambiguous text of the statutes, read in context, we conclude that the facts set forth in the indictment were sufficient to allege a Class A felony pursuant to ORS 475.840(1)(a).[4]

Defendant also contended before the trial court and argues again on appeal that the classification of delivery of marijuana for no consideration as a Class A felony in this case, while the delivery of marijuana for consideration is classified a Class B felony, violates the proportionality clause in Article I, section 16, of the Oregon Constitution.[5] However, that argument is not a proper consideration at this time under ORS 135.630 because its effect is to challenge the length of sentence that the trial court would be authorized to impose only if defendant is convicted. *Cf. State v. Fanus*, 336 Or 63, 79 P3d 847 (2003) (holding that a facial challenge to the constitutionality of Oregon's sentencing statute for aggravated murder was the proper subject of a pretrial demurrer).

Reversed and remanded.

---

[4] We note that defendant submitted additional authority in support of his position. That authority consisted of information regarding legislation passed in 2009 classifying delivery of marijuana for no consideration as a Class C felony. However, legislation passed in 2009 does not shed light on what the legislature intended in 2005, when it enacted ORS 475.860.

[5] Article I, section 16, of the Oregon Constitution provides, in part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."