Argued and submitted August 27, affirmed December 10, 2008, petition for review denied March 26, 2009 (346 Or 116)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRYAN PATRICK WARD,
*Defendant-Appellant.*

Multnomah County Circuit Court
060749177; A133855

198 P3d 443

Erica Herb, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Legal Services Division, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

## ORTEGA, J.

■    Defendant appeals a judgment of conviction for possession of a loaded firearm in a public place. Portland City Code (PCC) 14A.060.010. On appeal, defendant assigns error to the trial court's denial of his motion in arrest of judgment.[1] He contends that, under state law, local governments may not prohibit a person from carrying a loaded firearm within a car on a public street. The state responds that state law allows local governments to prohibit such conduct. For the reasons that follow, we affirm.

The relevant facts are undisputed. One night, a Portland Police Officer observed defendant driving a car with a malfunctioning headlight. The officer attempted to follow defendant's car, but lost sight of the vehicle for a few moments. The officer then noticed defendant's car parked on the wrong side of the street. The officer approached the car and asked defendant for his driver license and proof of insurance. After a records check revealed that defendant was not insured, the officer informed defendant that his car would be towed incident to citing him for driving uninsured. The officer conducted an inventory of the car while waiting for the tow truck to arrive. During the inventory, he found an open backpack within which the handle of a pistol was immediately visible. After retrieving the weapon, the officer observed that it was loaded and arrested defendant.

■    Defendant was charged with violating PCC 14A.060.010, which provides, in part:

> "**A.** It is unlawful for any person to knowingly possess or carry a firearm, in or upon a public place, including while in a vehicle in a public place, recklessly having failed to remove all the ammunition from the firearm."

(Boldface in original.) Generally, local governments have no authority to regulate firearms. *See* ORS 166.170(1) (vesting

---

[1] At trial, defendant moved for a judgment of acquittal. However, because defendant's motion challenged the validity of the city ordinance under which he was charged, we treat his motion as a premature motion in arrest of judgment. *See State v. McKenzie*, 307 Or 554, 560-61, 771 P2d 264 (1989) (where, in his motion for a judgment of acquittal, the defendant argued that the statute describing the offense with which he was charged was unconstitutionally vague, the motion was properly considered as a premature motion in arrest of judgment).

in the Legislative Assembly exclusive authority to regulate firearms "except as expressly authorized by state statute"). However, ORS 166.173 grants local governments limited power to regulate loaded firearms:

"(1) A city or county may adopt ordinances to regulate, restrict or prohibit the possession of loaded firearms in public places as defined in ORS 161.015.

"(2) Ordinances adopted under subsection (1) of this section do not apply to or affect:

"* * * * *

"(c) A person licensed to carry a concealed handgun."

For purposes of that statute, the term "public place" means

"a place to which the general public has access and includes, but is not limited to, hallways, lobbies and other parts of apartment houses and hotels not constituting rooms or apartments designed for actual residence, and highways, streets, schools, places of amusement, parks, playgrounds and premises used in connection with public passenger transportation."

ORS 161.015(1).

At trial, defendant contended that, although ORS 166.173(1) allows local governments to regulate loaded firearms in public places, the interior of a motor vehicle is not a "public place" as provided in ORS 161.015(10). He argued that, because a person has an expectation of privacy in his motor vehicle, that vehicle is not "a place to which the general public has access" within the meaning of ORS 161.015(10). Consequently, defendant asserted, local governments may not regulate loaded firearms that are kept inside motor vehicles. Defendant renews that argument on appeal. The state responds that defendant's focus on whether the general public has access to the interior of a motor vehicle is misplaced. According to the state, because ORS 161.015(10) defines streets and highways as public places, local governments may regulate the possession of a loaded firearm on their streets or highways, regardless of whether the firearm—while on the street or highway—is also inside a motor vehicle or other container.

The parties' arguments present a question of statutory construction that we resolve by examining the statute's text and context and, if necessary, by reviewing the legislative history and using pertinent maxims of statutory construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Because we conclude that the text and context of ORS 166.173 unambiguously demonstrate that local governments are permitted to regulate the possession of loaded firearms on their streets and highways, regardless of whether those firearms are kept in a place to which the general public does not have access, we do not examine the statute's legislative history.

When read together, ORS 166.173 and ORS 161.015(1) clearly allow local governments to regulate the possession of loaded firearms on their streets and highways. Moreover, ORS 166.173(2)(c)—which exempts persons licensed to carry concealed weapons from local loaded firearms regulations—demonstrates that the legislature anticipated situations in which persons may possess concealed, loaded firearms in a public place. The legislature chose to exempt such persons from local regulations based on their possession of a certain type of permit, despite the fact that a concealed firearm, although otherwise in a "public place," is not kept in a place to which the "general public has access." By necessary implication, nothing in ORS 166.173 or ORS 161.015(10) supports defendant's contention that a loaded firearm, when carried in a public place, is outside the scope of local regulation merely because it is kept in a place to which the general public lacks access. Consequently, we have no difficulty concluding that, when the legislature enacted ORS 166.173, it intended to allow local governments to regulate the possession of loaded firearms on their streets and highways, even if such a firearm is kept in a place to which the general public has no access.

Because PCC 14A.060.010 is consistent with ORS 166.173, the trial court properly denied defendant's motion in arrest of judgment.

Affirmed.